

**Your Missouri Courts**

Search for Cases by: Select Search Method... ▾

Case**.net** Missouri

| Judicial Links | eFiling | Help | Contact Us | Print | | Logon |

## 20SL-CC00053 - BRANDON MALLETTE ET AL V MERCEDES-BENZ USA, ET AL (E-CASE)

| Case Header | Parties & Attorneys | Docket Entries | Charges, Judgments & Sentences | Service Information | Filings Due | Scheduled Hearings & Trials | Civil Judgments | Garnishments/ Execution |

This information is provided as a service and is not considered an official court record.

Sort Date Entries: ● Descending ○ Ascending      Display Options: All Entries ▾

| | |
|---|---|
| **02/03/2020** | **Summ Issd- Circ Pers Serv O/S**<br>Document ID: 20-SMOS-88, for DAIMLER AG.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. |
| **01/29/2020** | **Summons Personally Served**<br>Document ID - 20-SMCC-437; Served To - STILES, BRIAN; Server - ; Served Date - 27-JAN-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served |
| | **Agent Served**<br>Document ID - 20-SMCC-435; Served To - MERCEDES-BENZ USA, LLC; Server - ; Served Date - 24-JAN-20; Served Time - 00:00:00; Service Type - Special Process Server; Reason Description - Served |
| | **Affidavit Filed**<br>Affidavit of Service.<br>    **Filed By:** DAVID BRADLEY HELMS<br>    **On Behalf Of:** BRANDON K. MALLETTE, PAM B. MALLETTE |
| | **Affidavit Filed**<br>Affidavit of Service.<br>    **Filed By:** DAVID BRADLEY HELMS |
| **01/17/2020** | **Note to Clerk eFiling**<br>    **Filed By:** DAVID BRADLEY HELMS |
| | **Motion Special Process Server**<br>SPS APPROVED Request For Appointment of Process Server.<br>    **Filed By:** DAVID BRADLEY HELMS<br>    **On Behalf Of:** BRANDON K. MALLETTE, PAM B. MALLETTE |
| | **Amended Motion/Petition Filed**<br>Amended Petition.<br>    **Filed By:** DAVID BRADLEY HELMS |
| **01/14/2020** | **Summ Issd- Circ Pers Serv O/S**<br>Document ID: 20-SMOS-40, for DAIMLER AG.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. |
| | **Summons Issued-Circuit**<br>Document ID: 20-SMCC-437, for STILES, BRIAN.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. |
| | **Summons Issued-Circuit**<br>Document ID: 20-SMCC-435, for MERCEDES-BENZ USA, LLC.Summons Attached in PDF Form for Attorney to Retrieve from Secure Case.Net and Process for Service. |
| **01/07/2020** | **Note to Clerk eFiling**<br>    **Filed By:** DAVID BRADLEY HELMS |
| | **Motion Special Process Server**<br>Request For Appointment of Process Server.<br>    **Filed By:** DAVID BRADLEY HELMS |

**EXHIBIT A**

|  | **On Behalf Of:** BRANDON K. MALLETTE, PAM B. MALLETTE |
|---|---|
|  | **Motion Special Process Server**<br>Request For Appointment of Process Server.<br>    **Filed By:** DAVID BRADLEY HELMS |
| 01/06/2020 | **Judge/Clerk - Note**<br>NO SUMMONS ISSUED DUE TO THE SPECIAL PROCESS SERVER FORM MISSING THE ATTORNEY'S ELECTRONIC OR HANDWRITTEN SIGNATURE. E-FILE A CORRECTED SPECIAL PROCESS SERVER FORM INCLUDING THE ATTORNEY'S HANDWRITTEN OR ELECTRONIC SIGNATURE SO THE SUMMONS CAN BE ISSUED. EXAMPLE OF ELECTRONIC SIGNATURE = /S/ ATTORNEY'S NAME |
| 12/23/2019 | **Filing Info Sheet eFiling**<br>    **Filed By:** DAVID BRADLEY HELMS |
|  | **Motion Special Process Server**<br>Request For Appointment of Process Server.<br>    **Filed By:** DAVID BRADLEY HELMS<br>    **On Behalf Of:** BRANDON K. MALLETTE, PAM B. MALLETTE |
|  | **Motion Special Process Server**<br>Request For Appointment of Process Server.<br>    **Filed By:** DAVID BRADLEY HELMS |
|  | **Pet Filed in Circuit Ct**<br>Petition. |
|  | **Judge Assigned**<br>DIV 6 |

**20SL-CC00053**

Electronically Filed - St Louis County - December 23, 2019 - 09:28 AM

### IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI

| | | |
|---|---|---|
| **BRANDON KYLE MALLETTE &** | ) | |
| **PAM BOTTORFF MALLETTE,** | ) | |
| | ) | |
| **1789 Oliveto Lane** | ) | |
| **Hazelwood, MO  63042** | ) | |
| | ) | |
| **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. _____** |
| | ) | |
| **MERCEDES-BENZ USA, LLC,** | ) | |
| **a Delaware limited liability company,** | ) | **Division No._____** |
| **One Mercedes-Benz Drive** | ) | |
| **Sandy Springs, GA 30328** | ) | |
| | ) | |
| **Serve:** | ) | |
| **Registered Agent** | ) | **JURY TRIAL DEMANDED** |
| **CT Corporation System** | ) | |
| **120 South Central Ave.** | ) | |
| **Clayton, MO  63105** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **DAIMLER AG,** | ) | |
| **a foreign corporation,** | ) | |
| **Mercedesstrabe 137** | ) | |
| **70327 Stuttgart, Germany** | ) | |
| | ) | |
| **Serve:** | ) | |
| **Service Agent** | ) | |
| **Mercedesstrabe 137** | ) | |
| **70327 Stuttgart, Germany** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **BRIAN STILES,** | ) | |
| **a Missouri resident,** | ) | |
| | ) | |
| **Serve:** | ) | |
| **Plaza Motor Co.** | ) | |
| **11910 Olive Blvd.** | ) | |
| **Creve Coeur, MO 63141** | ) | |
| | ) | |
| **Defendants.** | ) | |

1

Electronically Filed - St Louis County - December 23, 2019 - 09:28 AM

## PETITION

### NATURE OF ACTION: PERSONAL INJURY-PRODUCTS LIABILITY
### (Civil Action Code TD)

Plaintiffs Brandon Kyle Mallette and Pam Bottorff Mallette, for their causes of action against Mercedes Benz USA, LLC, Daimler AG, and Brian Stiles, hereby state and allege as follows:

1.      This case arises out of serious personal injuries Plaintiff Brandon Kyle Mallette suffered from a defective and unreasonably dangerous tool and service manual designed, distributed, and sold by Defendants.

2.      Plaintiff Brandon Kyle Mallette ("Brandon") is a citizen and resident of the state of Missouri.

3.      Plaintiff Pam Bottorff Mallette ("Pam") is a citizen and resident of the state of Missouri.

4.      Defendant Mercedes-Benz USA, LLC ("MBUSA") is a Delaware limited liability company with its principal place of business in the state of Georgia.  MBUSA is registered to do business in the State of Missouri.  Defendant MBUSA's registered agent for service of process is CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105. Defendant MBUSA is and was at all times material and relevant herein doing business in the State of Missouri.

5.      Defendant Daimler AG ("Daimler") is a German Aktiengesellschaft with its principal place of business in Stuttgart, Germany.  Defendant Daimler's agent for service of process is Service Agent, Mercedesstrabe 137, Stuttgart, Germany.  Defendant Daimler is and was at all times material and relevant herein doing business in the State of Missouri.

2

Electronically Filed - St Louis County - December 23, 2019 - 09:28 AM

6.     Daimler is the parent of, controls, and communicates with MBUSA concerning Mercedes-Benz vehicles and products sold in the United States, including the State of Missouri.

7.     Defendant Brian Stiles ("Stiles") is a citizen of the state of Missouri and resides in Jefferson County, Missouri.

8.     This Court has personal jurisdiction over defendant MBUSA, as this action arises from defendant MBUSA's tortious acts and transaction of business within the state of Missouri, and further, defendant MBUSA is registered to do business in the state of Missouri and has a registered agent for service of process in the state of Missouri. Moreover, defendant MBUSA has substantial, systematic, and continuous contact with the state of Missouri such that the exercise of general personal jurisdiction over defendant MBUSA is just and appropriate.  Moreover, MBUSA is subject to specific personal jurisdiction in the state of Missouri because it delivered its products, including the products at issue in this case, into the stream of commerce with the expectation that they will be purchased by users in the state of Missouri.

9.     This Court has personal jurisdiction over defendant Daimler, as this action arises from defendant Daimler's tortious acts and transaction of business within the state of Missouri. Moreover, defendant Daimler has substantial, systematic, and continuous contact with the state of Missouri such that the exercise of general personal jurisdiction over defendant Daimler is just and appropriate.  Moreover, Daimler is subject to specific personal jurisdiction in the state of Missouri because it delivered its products, including the products at issue in this case, into the stream of commerce with the expectation that they will be purchased by users in the state of Missouri.

10.     This Court has personal jurisdiction over Stiles in that he resides in, and is a citizen of, the state of Missouri.

Electronically Filed - St Louis County - December 23, 2019 - 09:28 AM

11.     Venue is proper in this County pursuant to Section 508.010 of the Missouri Revised Statutes because Plaintiff was first injured by the wrongful acts at issue in this lawsuit in St. Louis County, Missouri.

12.     The Court has jurisdiction over this matter because Plaintiff seeks damages in excess of $25,000, with the specific amount to be determined at trial.

13.     On March 4, 2016, Brandon was working as a mechanic at Plaza Motor Co. in St. Louis, Missouri.  Plaza Motor Co. is an authorized dealer and servicer of Mercedes-Benz automobiles.  On the same day, Stiles was working as the shop foreman and Brandon's supervisor at Plaza Motor Co.

14.     On March 4, 2016, Brandon was repairing the suspension struts for a 2013 Mercedes Benz ML350 automobile.

15.     To disassemble or assemble a suspension strut on many Mercedes-Benz vehicles, Daimler and MBUSA direct mechanics in the Service Manual to use a tensioning tool, which includes both the tensioning device and clamping plates, all of which have a specific Mercedes Benz part number and were designed, engineered, tested, manufactured, marketed, distributed, specified, approved, and/or sold by Daimler and MBUSA, to compress the coil spring.

16.     In the Service Manual, Daimler and MBUSA specify different types of clamping plates to be used in the tensioning tool depending on the type of the coil spring that is used in a particular year and model of a Mercedes-Benz vehicle.

17.     To disassemble or assemble the front suspension struts on a 2013 Mercedes Benz ML350, Daimler and MBUSA, in the Service Manual, instruct the mechanic to use clamping plate 169589026300 with the tensioning device 203589013100 as the tensioning tool to compress the coil spring.

4

Electronically Filed - St Louis County - December 23, 2019 - 09:28 AM

18.     On March 4, 2016, Brandon was assigned to replace the shock absorbers in the suspension struts on a 2013 Mercedes Benz ML350 because the shock absorbers were making noise.  Brandon inadvertently, but foreseeably to Daimler and MBUSA, used clamping plates 163589006300, rather than clamping plates 169589026300, in the tensioning device as the tensioning tool to compress the coil springs of the suspension struts of the 2013 Mercedes Benz ML350.

19.     For the first suspension strut, Brandon used the tensioning tool, with the tensioning device and clamping plates 163589006300, to compress the coil spring to remove the existing shock absorber and to install a new shock absorber.  Brandon completed the repair of the first suspension strut.

20.     For the second suspension strut, Brandon compressed the coil spring using the tensioning tool, with the tensioning device and clamping plates 163589006300, and disassembled the suspension strut, removing the shock absorber from the coil spring.

21.     While attempting to install a new shock absorber for the second suspension strut, Brandon was having difficulty threading the nut that holds the upper spring retainer because the threaded end of the shock absorber was not protruding far enough from the upper spring retainer to permit the nut to start on the threads of the shock absorber.

22.     Stiles was working in close proximity to Brandon.  Brandon commented to Stiles that he could not get the nut to go.

23.     Stiles approached Brandon and, while knowing that Brandon was working adjacent to the tensioning tool attempting to fit the nut that secures the upper spring retainer on the suspension strut, turned the drive nut on the tensioning tool to further compress the coil spring.

Electronically Filed - St Louis County - December 23, 2019 - 09:28 AM

24.     Immediately after Stiles turned the drive nut on the tensioning tool, the coil spring unexpectedly and violently discharged from the tensioning tool and struck Brandon in the face causing him serious personal injuries.

25.     The clamping plates 163589006300 and the clamping plates 169589026300 used in the tensioning tool are extremely similar in size and appearance under normal working conditions.

26.     The numbers 169589026300 and 163589006300 stamped into the clamping plates used in the tensioning tool are extremely similar in size and appearance under normal working conditions.

27.     The numbers 169589026300 and 163589006300 stamped into the clamping plates used in the tensioning tool are extremely small and difficult to see under normal working conditions.

28.     Neither the clamping plates 163589006300 nor the clamping plates 169589026300 used in the tensioning tool contain any color coding or other distinctive marks that would make them readily distinguishable under normal working conditions.

29.     It was foreseeable to Daimler and MBUSA that a mechanic could mistake clamping plates 163589006300 for clamping plates 169589026300 under normal working conditions.

30.     The clamping plates and the tensioning device in the tensioning tool are not designed to prevent their use for incorrectly sized coil springs.

31.     The clamping plates and the tensioning device in the tensioning tool do not contain any feature or mechanism to prevent a user from using the confusingly similar and yet incorrect clamping plates to compress the coil spring specified for a 2013 Mercedes Benz ML350.

Electronically Filed - St Louis County - December 23, 2019 - 09:28 AM

32.     The tensioning tool, including the clamping plates and the tensioning device, does not contain any feature or mechanism to contain or guard against the stored energy in a coil spring when it is compressed.

33.     The Service Manual's identification of the code number 163589006300 as the clamping plates to be used in the tensioning tool for compressing the coil spring for a 2013 Mercedes Benz ML350 appears very similar to the code number 169589026300 under normal working conditions.

34.     The Service Manual does not contain any color coding or other distinctive marks that would make the use of clamping plates 163589006300 or the use of clamping plates 169589026300 in the tensioning tool readily distinguishable under normal working conditions.

35.     The Service Manual does not adequately warn the mechanic of the risk of injury if the incorrect clamping plate is used.

36.     The Service Manual does not adequately instruct the mechanic to use protective equipment, such as eye protection, while using the tensioning tool, including the tensioning device and clamping plates.

37.     The Service Manual does not adequately warn the mechanic of the risk of injury if protective equipment is not used.

38.     The manual for tensioning device 203589013100 does not adequately warn the mechanic of the risk of injury if the incorrect clamping plate is used.

39.     The manual for tensioning device 203589013100 does not adequately instruct the mechanic to use protective equipment, such as eye protection, while using the tensioning tool, including the tensioning device and clamping plates.

Electronically Filed - St Louis County - December 23, 2019 - 09:28 AM

40.     The manual for tensioning device 203589013100 does not adequately warn the mechanic of the risk of injury if protective equipment is not used.

41.     Daimler and MBUSA created, provided, and/or approved the specifications for the design and manufacture of the tensioning tool, including the clamping plates, the tensioning device, the Service Manual, and the manual for tensioning tool 203589013100.

42.     Daimler and MBUSA specified, distributed, and/or sold the tensioning tool, including the clamping plates and the tensioning device, the Service Manual, and the manual for tensioning device 203589013100 in the ordinary course of business.

43.     The tensioning tool, including the clamping plates and the tensioning device, and the Service Manual were defective and unreasonably dangerous at the time they were designed, specified, manufactured, distributed, and sold by Daimler and MBUSA and left their control.

44.     The tensioning tool, including the clamping plates and tensioning device, and the Factory Service Manual were expected to and did reach the hands of Plaza Motors and Brandon without substantial change to the condition in which it was manufactured and sold.

45.     Daimler and MBUSA manufactured, distributed, specified, approved, and/or sold the tensioning tool, including the clamping plates and tensioning device, and the Factory Service Manual as safe without conducting proper and appropriate research, development, analysis, and testing.  Further, Daimler and MBUSA failed to adequately research, analyze, and test the tensioning tool, including the clamping plates and tensioning device, in situations of foreseeable misuse.  Further, Daimler and MBUSA failed to adequately research, analyze, and test whether the Service Manual and the manual for tensioning device 203589013100 sufficiently warned of the risks of using incorrectly sized clamping plates in the tensioning tool or the risks of the failure to use protective equipment.

8

Electronically Filed - St Louis County - December 23, 2019 - 09:28 AM

46.     Daimler and MBUSA knew or should have known prior to the March 4, 2016, accident involving Brandon that the tensioning tool, including the clamping plates and the tensioning device, the Factory Service Manual, and the manual for tensioning device 203589013100 lacked features to prevent or substantially reduce foreseeable misuse or to contain or guard against the stored energy in a coil spring when it is compressed.

47.     Despite this knowledge, Daimler and MBUSA did not warn foreseeable users, including Brandon and others similarly situated, of the substantial risk of serious personal injury due to the aforementioned hazards and defects.

## COUNT I – STRICT LIABILITY (DAIMLER AND MBUSA)

48.     Brandon incorporates by reference the allegations in the preceding and succeeding paragraphs of this Petition as if they were completely set forth herein.

49.     Daimler and MBUSA engaged in the business of designing, engineering, testing, manufacturing, specifying, approving, distributing, marketing, and/or selling the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100 and the manual for tensioning device 203589013100, and the Service Manual.

50.     The tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual were unreasonably dangerous and defective in design, testing, manufacturing, and warnings to persons who might be expected to use them for the reasons set forth herein and in such other ways as may be proved by the evidence.

51.     The tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device

Electronically Filed - St Louis County - December 23, 2019 - 09:28 AM

203589013100, and the Service Manual were in a defective condition at the time they left the control of Daimler and MBUSA.

52.     The tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual were expected to and did reach the hands of Plaza Motors and Plaintiff without substantial change in the condition in which they were manufactured and sold.

53.     The personal injuries sustained by Brandon were directly and proximately caused by the defective condition of the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual.

54.     As a direct result of the defective and unreasonably dangerous condition of the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual, Brandon experienced and will continue to experience significant pain, suffering, disability, and disfigurement, along with mental anguish and emotional distress.  Brandon has further incurred and will continue to incur medical expense as well as a loss of income and employment opportunities.

## COUNT II – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
## (DAIMLER AND MBUSA)

55.     Brandon incorporates by reference the allegations in the preceding and succeeding paragraphs of this Petition as if they were completely set forth herein.

Electronically Filed - St Louis County - December 23, 2019 - 09:28 AM

56.     Daimler and MBUSA sold the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual in the regular course of business.

57.     The tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual were in a defective condition at the time they left Daimler's and MBUSA's possession or control.

58.     At the time they were sold by Daimler and MBUSA, the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300. the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual were not fit for their ordinary purpose of providing reasonable safety during foreseeable misuse. The tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual suffered from the aforesaid defects and lacked adequate ability to provide a reasonable degree of safety during foreseeable misuse.

59.     Brandon was a reasonably foreseeable user of the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual, and he used the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual for their intended purpose and under foreseeable conditions.  Further, it was reasonably foreseeable to Daimler and MBUSA that persons such as

11

Electronically Filed - St Louis County - December 23, 2019 - 09:28 AM

Brandon would in normal circumstances misuse the tensioning tool and that the defective conditions described herein or in conjunction with foreseeable independent events would result in severe injury to persons similarly situated to Brandon.

60.     The personal injuries sustained by Brandon were directly and proximately caused by the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual being unfit to provide reasonable safety during foreseeable misuse.

61.     As a direct result of the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual being unfit to provide reasonable safety during foreseeable misuse, Brandon suffered and continues to suffer significant pain, suffering, disability, and disfigurement, along with mental anguish and emotional distress.   Brandon has further incurred and will continue to incur medical expense as well as a loss of income and employment opportunities.

## COUNT III – NEGLIGENCE (DAIMLER AND MBUSA)

62.     Brandon incorporates by reference the allegations in the preceding and succeeding paragraphs of this Petition as if they were completely set forth herein.

63.     Daimler and MBUSA designed, engineered, tested, manufactured, marketed, distributed, specified, approved, and/or sold the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual.

64.     Daimler and MBUSA had a legal duty to exercise ordinary, reasonable care in designing, inspecting, testing, manufacturing, warning, advertising, distributing, and selling the

Electronically Filed - St Louis County - December 23, 2019 - 09:28 AM

tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual.

65.     Daimler and MBUSA breached their duties and were negligent because Daimler and MBUSA failed to design the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual to be reasonably safe for the reasons set forth herein and in such other ways as may be proved by the evidence.

66.     Daimler and MBUSA failed to use ordinary care to make a reasonable inspection to discover the aforesaid defective condition of the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual.

67.     Daimler and MBUSA failed to use ordinary care to adequately test the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual for the aforesaid defects as is reasonably necessary to assure that they were reasonably safe.

68.     Daimler and MBUSA failed to use ordinary care to adequately warn of the risk of harm of the aforesaid defective and unreasonably dangerous design of the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual, all of which failed to provide a reasonable degree of safety during foreseeable misuse.

Electronically Filed - St Louis County - December 23, 2019 - 09:28 AM

69.     The personal injuries sustained by Brandon were directly and proximately caused by the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual being unfit to provide reasonable safety during foreseeable misuse.

70.     As a direct result of the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual being unfit to provide reasonable safety during foreseeable misuse, Brandon suffered and continues to suffer significant pain, suffering, disability, and disfigurement, along with mental anguish and emotional distress.   Brandon has further incurred and will continue to incur medical expense as well as a loss of income and employment opportunities.

## COUNT IV – LOSS OF CONSORTIUM (DAIMLER AND MBUSA)

71.     Pam incorporates by reference the allegations in the preceding and succeeding paragraphs of this Petition as if they were completely set forth herein.

72.     Pam was at all relevant times the wife of Brandon.

73.     As a direct result of the wrongful acts of Daimler and MBUSA as alleged herein, Pam has been deprived of Brandon's valuable service and support, as well as his comfort, society, companionship, consortium, advice, and counsel, all to her damage.

74.     Pam has been obligated to pay medical and pharmaceutical bills and other expenses as a result of Daimler's and MBUSA's negligence.

## COUNT V – PUNITIVE DAMAGES (DAIMLER AND MBUSA)

75.     Brandon incorporates by reference the allegations in the preceding and succeeding paragraphs of this Petition as if they were completely set forth herein.

Electronically Filed - St Louis County - December 23, 2019 - 09:28 AM

76.     Upon information and belief, the conduct of Daimler and MBUSA in the design, engineering, testing, analysis, manufacture, marketing, distributing, specification, approval, and/or selling of the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual as described herein was willful, wanton, malicious, and reckless, and showed a complete indifference to or conscious disregard for the safety of Brandon and others similarly situated.

77.     Daimler and MBUSA had available technically and economically feasible alternative designs that would have prevented Brandon's personal injuries.

78.     Upon information and belief, Daimler and MBUSA knew the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual did not provide reasonable safety during foreseeable misuse, and Daimler and MBUSA knew of prior similar events in which the ability of the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual to be misused caused or contributed to cause personal injuries to persons similarly situated to Brandon.

79.     Based on their willful, wanton, malicious, and reckless conduct, punitive damages are appropriate to punish Daimler and MBUSA and to deter them and others from like conduct.

## COUNT VI – NEGLIGENCE (STILES)

80.     Brandon incorporates by reference the allegations in the preceding and succeeding paragraphs of this Petition as if they were completely set forth herein.

Electronically Filed - St Louis County - December 23, 2019 - 09:28 AM

81.     Stiles had a legal duty to exercise ordinary, reasonable care to not engage in conduct creating an unreasonable risk of risk of injury to Brandon.

82.     Stiles breached that duty and engaged in conduct that created an unreasonable risk of injury to Brandon by turning the drive nut on the tensioning tool to further compress the coil spring while knowing that Brandon was working adjacent to the tensioning tool attempting to fit the nut that secures the upper spring retainer on the suspension strut.

83.     Plaza Motor Co. could not have reasonably anticipated that an employee (like Stiles) would have turned the drive nut on the tensioning tool to further compress the coil spring while knowing that another employee (Brandon) was adjacent to the tensioning tool attempting to fit the nut that secures the upper spring retainer on the suspension strut.

84.     Stiles' conduct as alleged herein was an affirmative negligent act that purposely and dangerously caused or increased the risk of injury to Brandon.

85.     Stiles increased the risk of injury to Brandon by engaging the tensioning tool to further compress the coil spring while knowing that Brandon was adjacent to the tensioning tool attempting to fit the nut that secures the upper spring retainer on the suspension strut.

86.     Stiles' conduct as alleged herein directly and proximately caused or contributed to cause the personal injuries sustained by Brandon.

87.     As a direct result of Stiles' conduct as alleged herein, Brandon suffered and continues to suffer significant pain, suffering, disability, and disfigurement, along with mental anguish and emotional distress.   Brandon has further incurred and will continue to incur medical expense as well as a loss of income and employment opportunities.

Electronically Filed - St Louis County - December 23, 2019 - 09:28 AM

## COUNT VII – LOSS OF CONSORTIUM (STILES)

88.     Pam incorporates by reference the preceding and succeeding allegations of this Petition as if they were completely set forth herein.

89.     Pam was at all relevant times the wife of Brandon.

90.     As a direct result of the negligence of Stiles as alleged herein, Pam has been deprived of Brandon's valuable service and support, as well as his comfort, society, companionship, consortium, advice, and counsel, all to her damage.

91.     Pam has been obligated to pay medical and pharmaceutical bills and other expenses as a result of Stiles' negligence.

## RELIEF DEMANDED

WHEREFORE, Plaintiffs pray for judgment against Daimler, MBUSA, and Stiles for a sum in excess of $25,000.00 in compensatory damages; for punitive damages against Daimler and MBUSA; for any and other damages and remedies provided by law; for the costs of this action; for prejudgment interest; for interest on the judgment; and for any and all further relief that this Court may deem just and appropriate.

## JURY DEMAND

Plaintiffs demand a jury trial on all issues triable to a jury.


Dated:  December 23, 2019                    Respectfully submitted,

GERMAN MAY PC


By:   _/s/ David B. Helms_
            David B. Helms         MO #48941
            8000 Maryland Avenue, Suite 1060
            St. Louis, MO 63105
            (314) 474-1750
            (816) 471-2221 fax
            davidh@germanmay.com

17

Electronically Filed - St Louis County - December 23, 2019 - 09:28 AM

and

Jason M. Hans          MO #46174
1201 Walnut Street, 20th Floor
Kansas City, MO 64106
Tele:   (816) 471-7700
Fax:    (816) 471-2221
jasonh@germanmay.com

***Attorneys for Plaintiffs***

20SL-CC00053

Electronically Filed - St Louis County - December 23, 2019 - 09:28 AM

**In the**

# CIRCUIT COURT
### Of St. Louis County, Missouri

__December 23, 2019__
Date

┌                                    ┐
      For File Stamp Only

__Brandon Kyle Mallette & Pam Botorff Mallette__
Plaintiff/Petitioner

vs.

Case Number

__Mercedes-Benz USA, LLC, Daimler AG and Brian Stiles__
Defendant/Respondent

Division

└                                    ┘

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __Plaintiff_____, pursuant
               Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

__HPS Process Service; Martin Hueckel   6614 Clayton Road, Ste. 248; St. Louis, MO 63117       314-811-8310__
Name of Process Server           Address                 Telephone

_____
Name of Process Server        Address or in the Alternative        Telephone

_____
Name of Process Server        Address or in the Alternative        Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below named parties.  This appointment as special process server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVE:
__Mercedes-Benz USA, LLC-Registered Agent__
Name
__CT Corporation; 120 S. Central Ave.__
Address
__Clayton, MO  63105__
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

SERVE:
__Brian Stiles__
Name
__Plaza Motors; 11910 Olive Blvd.__
Address
__Creve Coeur, MO  63141__
City/State/Zip

SERVE:
_____
Name
_____
Address
_____
City/State/Zip

Appointed as requested:

**JOAN M. GILMER**, Circuit Clerk


By _____
   Deputy Clerk


_____
Date

__DAVID B. HELMS__
Signature of Attorney/Plaintiff/Petitioner
__48941__
Bar No.
__8000 Maryland Ave.; Ste 1060, Clayton MO__
Address
__(314) 474-1750__     __(816) 471-2221__
Phone No.                 Fax No.

CCADM62-WS   Rev. 08/16

Electronically Filed - St Louis County - December 23, 2019 - 09:28 AM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com. (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 08/16

**20SL-CC00053**

Electronically Filed - St Louis County - December 23, 2019 - 09:28 AM

In the

# CIRCUIT COURT

## Of St. Louis County, Missouri

 Brandon Kyle Mallette & Pam Botorff Mallette 
Plaintiff/Petitioner

vs.

 Mercedes-Benz USA, LLC, Daimler AG and Brian Stiles 
Defendant/Respondent

December 23, 2019
Date

Case Number

Division

For File Stamp Only

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff , pursuant
Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

 Legal Language Services; Thomas McLean       8014 State Line Rd.; Ste. 110; Leawood, KS  66208       913-341-3167
Name of Process Server                        Address                                                Telephone

Name of Process Server                        Address or in the Alternative                          Telephone

Name of Process Server                        Address or in the Alternative                          Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
 Daimler AG-Registered Agent 
Name
 Mercedesstrabe 137 
Address
 70327 Stuttgart, Germany 
City/State/Zip

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

Appointed as requested:

**JOAN M. GILMER**, Circuit Clerk

By _____
   Deputy Clerk

_____
Date

 DAVID B. HELMS 
Signature of Attorney/Plaintiff/Petitioner
 48941 
Bar No.
 8000 Maryland Ave.; Ste 1060, Clayton MO 
Address
 (314) 474-1750           (816) 471-2221 
Phone No.                  Fax No.

CCADM62-WS   Rev. 08/16

Electronically Filed - St Louis County - December 23, 2019 - 09:28 AM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)   Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)   The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)   Appointments may list more than one server as alternates.

(B)   The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)   Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)   No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)   Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)   This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

Electronically Filed - St Louis County - January 07, 2020 - 09:28 AM

In the
# CIRCUIT COURT
Of St. Louis County, Missouri

__December 23, 2019__
Date

For File Stamp Only

__Brandon Kyle Mallette & Pam Botorff Mallette__
Plaintiff/Petitioner

20SL-CC00053

Case Number

vs.

Div 6
Division

__Mercedes-Benz USA, LLC, Daimler AG and Brian Stiles__
Defendant/Respondent

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now __Plaintiff__                                                                , pursuant
                    Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

__Legal Language Services; Thomas McLean__  __8014 State Line Rd.; Ste. 110; Leawood, KS  66208__   __913-341-3167__
Name of Process Server                         Address                                                          Telephone

Name of Process Server                         Address or in the Alternative                          Telephone

Name of Process Server                         Address or in the Alternative                          Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
__Daimler AG-Registered Agent__
Name
__Mercedesstrabe 137__
Address
__70327 Stuttgart, Germany__
City/State/Zip

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

SERVE:

Name

Address

City/State/Zip

Appointed as requested:
**JOAN M. GILMER**, Circuit Clerk

Signature of Attorney/Plaintiff/Petitioner   Devi J B. Helms
__48941__
Bar No.
By _____
       Deputy Clerk
__8000 Maryland Ave.; Ste 1060, Clayton MO__
Address
__(314) 474-1750__          __(816) 471-2221__
Phone No.                         Fax No.

_____
Date

CCADM62-WS    Rev. 08/16

Electronically Filed - St Louis County - January 07, 2020 - 09:28 AM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com. (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 08/16

Electronically Filed - St Louis County - January 07, 2020 - 09:28 AM

In the
# CIRCUIT COURT
Of St. Louis County, Missouri

For File Stamp Only

Brandon Kyle Mallette & Pam Botorff Mallette
Plaintiff/Petitioner

Date  December 23, 2019

Case Number  20SL-CC00053

vs.

Division  Div 6

Mercedes-Benz USA, LLC, Daimler AG and Brian Stiles
Defendant/Respondent

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now  Plaintiff                                    , pursuant

Requesting Party

to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

HPS Process Service; Martin Hueckel   6614 Clayton Road, Ste. 248; St. Louis, MO  63117   314-811-8310
Name of Process Server                      Address                                        Telephone

Name of Process Server                      Address or in the Alternative                  Telephone

Name of Process Server                      Address or in the Alternative                  Telephone

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:
Mercedes-Benz USA, LLC-Registered Agent
Name
CT Corporation; 120 S. Central Ave.
Address
Clayton, MO  63105
City/State/Zip

SERVE:
Name

Address

City/State/Zip

SERVE:
Brian Stiles
Name
Plaza Motors; 11910 Olive Blvd.
Address
Creve Coeur, MO  63141
City/State/Zip

SERVE:
Name

Address

City/State/Zip

Appointed as requested:
**JOAN M. GILMER**, Circuit Clerk

By _____
   Deputy Clerk

_____
Date

Signature of Attorney/Plaintiff/Petitioner  David B. Helms
48941
Bar No.
8000 Maryland Ave.; Ste 1060, Clayton MO
Address
(314) 474-1750        (816) 471-2221
Phone No.                     Fax No.

CCADM62-WS   Rev. 08/16

Electronically Filed - St Louis County - January 07, 2020 - 09:28 AM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)   Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)   The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)   Appointments may list more than one server as alternates.

(B)   The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)   Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)   No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)   Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)   This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

CCADM62-WS      Rev. 08/16



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOHN N. BORBONUS III | **Case Number:  20SL-CC00053** |
| Plaintiff/Petitioner:<br>BRANDON K. MALLETTE | Plaintiff's/Petitioner's Attorney/Address:<br>DAVID BRADLEY HELMS<br>German May P.C.<br>8000 Maryland Ave.<br>SUITE 1060<br>CLAYTON, MO  63105 |
| **vs.** | |
| Defendant/Respondent:<br>MERCEDES-BENZ USA, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | CLAYTON, MO  63105 |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  DAIMLER AG
                            Alias:

MERCEDESSTRABE 137
STUTTGART,  GERMANY 70327

*COURT SEAL OF*

*ST. LOUIS COUNTY*

    You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.
    SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

14-JAN-2020
**Date**
**Further Information:**
**LG**

_____
               **Clerk**

### Officer's or Server's Affidavit of Service

I certify that:
1. I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2. My official title is _____ of _____ County, _____ (state).
3. I have served the above summons by:  (check one)
   - ☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
   - ☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.
   - ☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).
   - ☐ other (describe) _____.

Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____        _____
Printed Name of Sheriff or Server        Signature of Sheriff or Server

**Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)

I am: (check one)    ☐ the clerk of the court of which affiant is an officer.
                     ☐ the judge of the court of which affiant is an officer.
*(Seal)*               ☐ authorized to administer oaths in the state in which the affiant served the above summons.
                      (use for out-of-state officer)
               ☐ authorized to administer oaths.  (use for court-appointed server)

_____
Signature and Title

| Service Fees, if applicable | | |
|---|---|---|
| Summons | $_____ | |
| Non Est | $_____ | |
| Mileage | $_____ | (_____miles @ $ _____ per mile) |
| **Total** | $_____ | |

*See the following page for directions to clerk and to officer making return on service of summons.*

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

## Purpose of Notice

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place. This is often true even when the parties initially believe that settlement is not possible. A settlement reduces the expense and inconvenience of litigation. It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost. Often such services are most effective in reducing costs if used early in the course of a lawsuit. Your attorney can aid you in deciding whether and when such services would be helpful in your case.

## Your Rights and Obligations in Court Are Not Affected By This Notice

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so. In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below. These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended. Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not. **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

## Alternative Dispute Resolution Procedures

There are several procedures designed to help parties settle lawsuits. Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party. The services are provided by individuals and organizations who may charge a fee for this help. Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case. The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit. An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties. The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement. An effective mediator may offer solutions that have not been considered by the parties or their lawyers. A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOHN N. BORBONUS III | **Case Number:  20SL-CC00053** |
| Plaintiff/Petitioner:<br>BRANDON K. MALLETTE | Plaintiff's/Petitioner's Attorney/Address<br>DAVID BRADLEY HELMS<br>German May P.C.<br>8000 Maryland Ave.<br>SUITE 1060<br>CLAYTON, MO  63105 |
| vs. | |
| Defendant/Respondent:<br> MERCEDES-BENZ USA, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | |
| | (Date File Stamp) |

## Summons in Civil Case

**The State of Missouri to:   MERCEDES-BENZ USA, LLC**
**Alias:**

**120 SOUTH CENTRAL AVE.**
**REG AGT CT CORPORATION SYSTEM**
**CLAYTON, MO  63105**



*COURT SEAL OF*

*ST. LOUIS COUNTY*

       You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
       **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

    <u>14-JAN-2020</u>
      **Date**

    **Further Information:**
    **LG**

_____
                        **Clerk**

## Sheriff's or Server's Return

**Note to serving officer:**  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
_____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____     _____
    Printed Name of Sheriff or Server               Signature of Sheriff or Server

        **Must be sworn before a notary public if not served by an authorized officer:**

        Subscribed and sworn to before me on _____ (date).

*(Seal)*

        My commission expires: _____    _____
                               Date                           Notary Public

**Sheriff's Fees, if applicable**

| | | |
|---|---|---|
| Summons | $ | |
| Non Est | $ | |
| Sheriff's Deputy Salary | | |
| Supplemental Surcharge | $ 10.00 | |
| Mileage | $ | (_____ miles @ $._____ per mile) |
| **Total** | **$** | |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOHN N. BORBONUS III | Case Number:  20SL-CC00053 |
|---|---|
| Plaintiff/Petitioner:<br>BRANDON K. MALLETTE | Plaintiff's/Petitioner's Attorney/Address<br>DAVID BRADLEY HELMS<br>German May P.C.<br>8000 Maryland Ave.<br>SUITE 1060<br>CLAYTON, MO  63105 |
| vs. | |
| Defendant/Respondent:<br> MERCEDES-BENZ USA, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | |

(Date File Stamp)

## Summons in Civil Case

The State of Missouri to:  **BRIAN STILES**
Alias:

**PLAZA MOTOR CO.**
**11910 OLIVE BLVD.**
**CREVE COEUR, MO 63141**

*COURT SEAL OF*



*ST. LOUIS COUNTY*

          You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service.  If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
          **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

          <u>14-JAN-2020</u>
          Date                                                                                       _____
                                                                                                                    Clerk

          Further Information:
          LG

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to _____ (name) _____ (title).

☐ other _____.

Served at _____ (address)

in _____ (County/City of St. Louis), MO, on _____ (date) at _____ (time).

_____          _____
          Printed Name of Sheriff or Server                                   Signature of Sheriff or Server
          **Must be sworn before a notary public if not served by an authorized officer:**

                    Subscribed and sworn to before me on _____ (date).

*(Seal)*

                    My commission expires: _____          _____
                                                                    Date                                                    Notary Public

**Sheriff's Fees, if applicable**

| | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Sheriff's Deputy Salary | |
| Supplemental Surcharge | $_____10.00_____ |
| Mileage | $_____ (_____ miles @ $._____ per mile) |
| **Total** | **$_____** |

A copy of the summons and a copy of the petition must be served on **each** Defendant/Respondent.  For methods of service on all classes of suits, see Supreme Court Rule 54.

**THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

Twenty First Judicial Circuit

**NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES**

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.  A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.   Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.   The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.   An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 105 South Central Ave., 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms.  You should ask your lawyer for further information.

CCADM73

Electronically Filed - St Louis County - January 17, 2020 - 09:47 AM

**IN THE CIRCUIT COURT OF ST. LOUIS COUNTY, MISSOURI**

| | | |
|---|---|---|
| **BRANDON KYLE MALLETTE &** | ) | |
| **PAM BOTTORFF MALLETTE,** | ) | |
| | ) | |
|     **1789 Oliveto Lane** | ) | |
|     **Hazelwood, MO  63042** | ) | |
| | ) | |
|       **Plaintiffs,** | ) | |
| | ) | |
| **v.** | ) | **Case No. 20SL-CC00053** |
| | ) | |
| **MERCEDES-BENZ USA, LLC,** | ) | |
| **a Delaware limited liability company,** | ) | **Division No.  6** |
|     **One Mercedes-Benz Drive** | ) | |
|     **Sandy Springs, GA 30328** | ) | |
| | ) | |
|     **Serve:** | ) | |
|     **Registered Agent** | ) | **JURY TRIAL DEMANDED** |
|     **CT Corporation System** | ) | |
|     **120 South Central Ave.** | ) | |
|     **Clayton, MO  63105** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **DAIMLER AG,** | ) | |
| **a foreign corporation,** | ) | |
| | ) | |
|     **Serve:** | ) | |
|     **DAIMLER AG** | ) | |
|     **Mercedesstraße 120** | ) | |
|     **70372 Stuttgart** | ) | |
|     **GERMANY** | ) | |
| | ) | |
| **and** | ) | |
| | ) | |
| **BRIAN STILES,** | ) | |
| **a Missouri resident,** | ) | |
| | ) | |
|     **Serve:** | ) | |
|     **Plaza Motor Co.** | ) | |
|     **11910 Olive Blvd.** | ) | |
|     **Creve Coeur, MO 63141** | ) | |
| | ) | |
|       **Defendants.** | ) | |

Electronically Filed - St Louis County - January 17, 2020 - 09:47 AM

**<u>AMENDED PETITION</u>**

**NATURE OF ACTION: PERSONAL INJURY-PRODUCTS LIABILITY**
**(Civil Action Code TD)**

Plaintiffs Brandon Kyle Mallette and Pam Bottorff Mallette, for their causes of action against Mercedes Benz USA, LLC, Daimler AG, and Brian Stiles, hereby state and allege as follows:

1.      This case arises out of serious personal injuries Plaintiff Brandon Kyle Mallette suffered from a defective and unreasonably dangerous tool and service manual designed, distributed, and sold by Defendants.

2.      Plaintiff Brandon Kyle Mallette ("Brandon") is a citizen and resident of the state of Missouri.

3.      Plaintiff Pam Bottorff Mallette ("Pam") is a citizen and resident of the state of Missouri.

4.      Defendant Mercedes-Benz USA, LLC ("MBUSA") is a Delaware limited liability company with its principal place of business in the state of Georgia.  MBUSA is registered to do business in the State of Missouri.  Defendant MBUSA's registered agent for service of process is CT Corporation System, 120 South Central Avenue, Clayton, Missouri 63105. Defendant MBUSA is and was at all times material and relevant herein doing business in the State of Missouri.

5.      Defendant Daimler AG ("Daimler") is a German Aktiengesellschaft with its principal place of business at Mercedesstraße 120; 70372 Stuttgart, Germany.  Defendant Daimler is and was at all times material and relevant herein doing business in the State of Missouri.

6.      Daimler is the parent of, controls, and communicates with MBUSA concerning Mercedes-Benz vehicles and products sold in the United States, including the State of Missouri.

Electronically Filed - St Louis County - January 17, 2020 - 09:47 AM

7.      Defendant Brian Stiles ("Stiles") is a citizen of the state of Missouri and resides in Jefferson County, Missouri.

8.      This Court has personal jurisdiction over defendant MBUSA, as this action arises from defendant MBUSA's tortious acts and transaction of business within the state of Missouri, and further, defendant MBUSA is registered to do business in the state of Missouri and has a registered agent for service of process in the state of Missouri. Moreover, defendant MBUSA has substantial, systematic, and continuous contact with the state of Missouri such that the exercise of general personal jurisdiction over defendant MBUSA is just and appropriate.  Moreover, MBUSA is subject to specific personal jurisdiction in the state of Missouri because it delivered its products, including the products at issue in this case, into the stream of commerce with the expectation that they will be purchased by users in the state of Missouri.

9.      This Court has personal jurisdiction over defendant Daimler, as this action arises from defendant Daimler's tortious acts and transaction of business within the state of Missouri. Moreover, defendant Daimler has substantial, systematic, and continuous contact with the state of Missouri such that the exercise of general personal jurisdiction over defendant Daimler is just and appropriate.  Moreover, Daimler is subject to specific personal jurisdiction in the state of Missouri because it delivered its products, including the products at issue in this case, into the stream of commerce with the expectation that they will be purchased by users in the state of Missouri.

10.     This Court has personal jurisdiction over Stiles in that he resides in, and is a citizen of, the state of Missouri.

11.     Venue is proper in this County pursuant to Section 508.010 of the Missouri Revised Statutes because Plaintiff was first injured by the wrongful acts at issue in this lawsuit in St. Louis County, Missouri.

3

Electronically Filed - St Louis County - January 17, 2020 - 09:47 AM

12.     The Court has jurisdiction over this matter because Plaintiff seeks damages in excess of $25,000, with the specific amount to be determined at trial.

13.     On March 4, 2016, Brandon was working as a mechanic at Plaza Motor Co. in St. Louis, Missouri.  Plaza Motor Co. is an authorized dealer and servicer of Mercedes-Benz automobiles.  On the same day, Stiles was working as the shop foreman and Brandon's supervisor at Plaza Motor Co.

14.     On March 4, 2016, Brandon was repairing the suspension struts for a 2013 Mercedes Benz ML350 automobile.

15.     To disassemble or assemble a suspension strut on many Mercedes-Benz vehicles, Daimler and MBUSA direct mechanics in the Service Manual to use a tensioning tool, which includes both the tensioning device and clamping plates, all of which have a specific Mercedes Benz part number and were designed, engineered, tested, manufactured, marketed, distributed, specified, approved, and/or sold by Daimler and MBUSA, to compress the coil spring.

16.     In the Service Manual, Daimler and MBUSA specify different types of clamping plates to be used in the tensioning tool depending on the type of the coil spring that is used in a particular year and model of a Mercedes-Benz vehicle.

17.     To disassemble or assemble the front suspension struts on a 2013 Mercedes Benz ML350, Daimler and MBUSA, in the Service Manual, instruct the mechanic to use clamping plate 169589026300 with the tensioning device 203589013100 as the tensioning tool to compress the coil spring.

18.     On March 4, 2016, Brandon was assigned to replace the shock absorbers in the suspension struts on a 2013 Mercedes Benz ML350 because the shock absorbers were making noise.  Brandon inadvertently, but foreseeably to Daimler and MBUSA, used clamping plates

4

Electronically Filed - St Louis County - January 17, 2020 - 09:47 AM

163589006300, rather than clamping plates 169589026300, in the tensioning device as the tensioning tool to compress the coil springs of the suspension struts of the 2013 Mercedes Benz ML350.

19.     For the first suspension strut, Brandon used the tensioning tool, with the tensioning device and clamping plates 163589006300, to compress the coil spring to remove the existing shock absorber and to install a new shock absorber.  Brandon completed the repair of the first suspension strut.

20.     For the second suspension strut, Brandon compressed the coil spring using the tensioning tool, with the tensioning device and clamping plates 163589006300, and disassembled the suspension strut, removing the shock absorber from the coil spring.

21.     While attempting to install a new shock absorber for the second suspension strut, Brandon was having difficulty threading the nut that holds the upper spring retainer because the threaded end of the shock absorber was not protruding far enough from the upper spring retainer to permit the nut to start on the threads of the shock absorber.

22.     Stiles was working in close proximity to Brandon.  Brandon commented to Stiles that he could not get the nut to go.

23.     Stiles approached Brandon and, while knowing that Brandon was working adjacent to the tensioning tool attempting to fit the nut that secures the upper spring retainer on the suspension strut, turned the drive nut on the tensioning tool to further compress the coil spring.

24.     Immediately after Stiles turned the drive nut on the tensioning tool, the coil spring unexpectedly and violently discharged from the tensioning tool and struck Brandon in the face causing him serious personal injuries.

Electronically Filed - St Louis County - January 17, 2020 - 09:47 AM

25.     The clamping plates 163589006300 and the clamping plates 169589026300 used in the tensioning tool are extremely similar in size and appearance under normal working conditions.

26.     The numbers 169589026300 and 163589006300 stamped into the clamping plates used in the tensioning tool are extremely similar in size and appearance under normal working conditions.

27.     The numbers 169589026300 and 163589006300 stamped into the clamping plates used in the tensioning tool are extremely small and difficult to see under normal working conditions.

28.     Neither the clamping plates 163589006300 nor the clamping plates 169589026300 used in the tensioning tool contain any color coding or other distinctive marks that would make them readily distinguishable under normal working conditions.

29.     It was foreseeable to Daimler and MBUSA that a mechanic could mistake clamping plates 163589006300 for clamping plates 169589026300 under normal working conditions.

30.     The clamping plates and the tensioning device in the tensioning tool are not designed to prevent their use for incorrectly sized coil springs.

31.     The clamping plates and the tensioning device in the tensioning tool do not contain any feature or mechanism to prevent a user from using the confusingly similar and yet incorrect clamping plates to compress the coil spring specified for a 2013 Mercedes Benz ML350.

32.     The tensioning tool, including the clamping plates and the tensioning device, does not contain any feature or mechanism to contain or guard against the stored energy in a coil spring when it is compressed.

Electronically Filed - St Louis County - January 17, 2020 - 09:47 AM

33.     The Service Manual's identification of the code number 163589006300 as the clamping plates to be used in the tensioning tool for compressing the coil spring for a 2013 Mercedes Benz ML350 appears very similar to the code number 169589026300 under normal working conditions.

34.     The Service Manual does not contain any color coding or other distinctive marks that would make the use of clamping plates 163589006300 or the use of clamping plates 169589026300 in the tensioning tool readily distinguishable under normal working conditions.

35.     The Service Manual does not adequately warn the mechanic of the risk of injury if the incorrect clamping plate is used.

36.     The Service Manual does not adequately instruct the mechanic to use protective equipment, such as eye protection, while using the tensioning tool, including the tensioning device and clamping plates.

37.     The Service Manual does not adequately warn the mechanic of the risk of injury if protective equipment is not used.

38.     The manual for tensioning device 203589013100 does not adequately warn the mechanic of the risk of injury if the incorrect clamping plate is used.

39.     The manual for tensioning device 203589013100 does not adequately instruct the mechanic to use protective equipment, such as eye protection, while using the tensioning tool, including the tensioning device and clamping plates.

40.     The manual for tensioning device 203589013100 does not adequately warn the mechanic of the risk of injury if protective equipment is not used.

Electronically Filed - St Louis County - January 17, 2020 - 09:47 AM

41.     Daimler and MBUSA created, provided, and/or approved the specifications for the design and manufacture of the tensioning tool, including the clamping plates, the tensioning device, the Service Manual, and the manual for tensioning tool 203589013100.

42.     Daimler and MBUSA specified, distributed, and/or sold the tensioning tool, including the clamping plates and the tensioning device, the Service Manual, and the manual for tensioning device 203589013100 in the ordinary course of business.

43.     The tensioning tool, including the clamping plates and the tensioning device, and the Service Manual were defective and unreasonably dangerous at the time they were designed, specified, manufactured, distributed, and sold by Daimler and MBUSA and left their control.

44.     The tensioning tool, including the clamping plates and tensioning device, and the Factory Service Manual were expected to and did reach the hands of Plaza Motors and Brandon without substantial change to the condition in which it was manufactured and sold.

45.     Daimler and MBUSA manufactured, distributed, specified, approved, and/or sold the tensioning tool, including the clamping plates and tensioning device, and the Factory Service Manual as safe without conducting proper and appropriate research, development, analysis, and testing.  Further, Daimler and MBUSA failed to adequately research, analyze, and test the tensioning tool, including the clamping plates and tensioning device, in situations of foreseeable misuse.  Further, Daimler and MBUSA failed to adequately research, analyze, and test whether the Service Manual and the manual for tensioning device 203589013100 sufficiently warned of the risks of using incorrectly sized clamping plates in the tensioning tool or the risks of the failure to use protective equipment.

46.     Daimler and MBUSA knew or should have known prior to the March 4, 2016, accident involving Brandon that the tensioning tool, including the clamping plates and the

8

Electronically Filed - St Louis County - January 17, 2020 - 09:47 AM

tensioning device, the Factory Service Manual, and the manual for tensioning device 203589013100 lacked features to prevent or substantially reduce foreseeable misuse or to contain or guard against the stored energy in a coil spring when it is compressed.

47.     Despite this knowledge, Daimler and MBUSA did not warn foreseeable users, including Brandon and others similarly situated, of the substantial risk of serious personal injury due to the aforementioned hazards and defects.

## COUNT I – STRICT LIABILITY (DAIMLER AND MBUSA)

48.     Brandon incorporates by reference the allegations in the preceding and succeeding paragraphs of this Amended Petition ("Petition") as if they were completely set forth herein.

49.     Daimler and MBUSA engaged in the business of designing, engineering, testing, manufacturing, specifying, approving, distributing, marketing, and/or selling the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100 and the manual for tensioning device 203589013100, and the Service Manual.

50.     The tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual were unreasonably dangerous and defective in design, testing, manufacturing, and warnings to persons who might be expected to use them for the reasons set forth herein and in such other ways as may be proved by the evidence.

51.     The tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual were in a defective condition at the time they left the control of Daimler and MBUSA.

Electronically Filed - St Louis County - January 17, 2020 - 09:47 AM

52.     The tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual were expected to and did reach the hands of Plaza Motors and Plaintiff without substantial change in the condition in which they were manufactured and sold.

53.     The personal injuries sustained by Brandon were directly and proximately caused by the defective condition of the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual.

54.     As a direct result of the defective and unreasonably dangerous condition of the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual, Brandon experienced and will continue to experience significant pain, suffering, disability, and disfigurement, along with mental anguish and emotional distress.  Brandon has further incurred and will continue to incur medical expense as well as a loss of income and employment opportunities.

## COUNT II – BREACH OF IMPLIED WARRANTY OF MERCHANTABILITY
### (DAIMLER AND MBUSA)

55.     Brandon incorporates by reference the allegations in the preceding and succeeding paragraphs of this Petition as if they were completely set forth herein.

56.     Daimler and MBUSA sold the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the

Electronically Filed - St Louis County - January 17, 2020 - 09:47 AM

manual for tensioning device 203589013100, and the Service Manual in the regular course of business.

57.    The tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual were in a defective condition at the time they left Daimler's and MBUSA's possession or control.

58.    At the time they were sold by Daimler and MBUSA, the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300. the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual were not fit for their ordinary purpose of providing reasonable safety during foreseeable misuse. The tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual suffered from the aforesaid defects and lacked adequate ability to provide a reasonable degree of safety during foreseeable misuse.

59.    Brandon was a reasonably foreseeable user of the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual, and he used the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual for their intended purpose and under foreseeable conditions.  Further, it was reasonably foreseeable to Daimler and MBUSA that persons such as Brandon would in normal circumstances misuse the tensioning tool and that the defective

11

Electronically Filed - St Louis County - January 17, 2020 - 09:47 AM

conditions described herein or in conjunction with foreseeable independent events would result in severe injury to persons similarly situated to Brandon.

60.     The personal injuries sustained by Brandon were directly and proximately caused by the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual being unfit to provide reasonable safety during foreseeable misuse.

61.     As a direct result of the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual being unfit to provide reasonable safety during foreseeable misuse, Brandon suffered and continues to suffer significant pain, suffering, disability, and disfigurement, along with mental anguish and emotional distress.   Brandon has further incurred and will continue to incur medical expense as well as a loss of income and employment opportunities.

## COUNT III – NEGLIGENCE (DAIMLER AND MBUSA)

62.     Brandon incorporates by reference the allegations in the preceding and succeeding paragraphs of this Petition as if they were completely set forth herein.

63.     Daimler and MBUSA designed, engineered, tested, manufactured, marketed, distributed, specified, approved, and/or sold the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual.

64.     Daimler and MBUSA had a legal duty to exercise ordinary, reasonable care in designing, inspecting, testing, manufacturing, warning, advertising, distributing, and selling the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the

12

Electronically Filed - St Louis County - January 17, 2020 - 09:47 AM

tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual.

65.     Daimler and MBUSA breached their duties and were negligent because Daimler and MBUSA failed to design the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual to be reasonably safe for the reasons set forth herein and in such other ways as may be proved by the evidence.

66.     Daimler and MBUSA failed to use ordinary care to make a reasonable inspection to discover the aforesaid defective condition of the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual.

67.     Daimler and MBUSA failed to use ordinary care to adequately test the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual for the aforesaid defects as is reasonably necessary to assure that they were reasonably safe.

68.     Daimler and MBUSA failed to use ordinary care to adequately warn of the risk of harm of the aforesaid defective and unreasonably dangerous design of the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual, all of which failed to provide a reasonable degree of safety during foreseeable misuse.

69.     The personal injuries sustained by Brandon were directly and proximately caused by the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300,

Electronically Filed - St Louis County - January 17, 2020 - 09:47 AM

the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual being unfit to provide reasonable safety during foreseeable misuse.

70.     As a direct result of the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual being unfit to provide reasonable safety during foreseeable misuse, Brandon suffered and continues to suffer significant pain, suffering, disability, and disfigurement, along with mental anguish and emotional distress.   Brandon has further incurred and will continue to incur medical expense as well as a loss of income and employment opportunities.

## COUNT IV – LOSS OF CONSORTIUM (DAIMLER AND MBUSA)

71.     Pam incorporates by reference the allegations in the preceding and succeeding paragraphs of this Petition as if they were completely set forth herein.

72.     Pam was at all relevant times the wife of Brandon.

73.     As a direct result of the wrongful acts of Daimler and MBUSA as alleged herein, Pam has been deprived of Brandon's valuable service and support, as well as his comfort, society, companionship, consortium, advice, and counsel, all to her damage.

74.     Pam has been obligated to pay medical and pharmaceutical bills and other expenses as a result of Daimler's and MBUSA's negligence.

## COUNT V – PUNITIVE DAMAGES (DAIMLER AND MBUSA)

75.     Brandon incorporates by reference the allegations in the preceding and succeeding paragraphs of this Petition as if they were completely set forth herein.

76.     Upon information and belief, the conduct of Daimler and MBUSA in the design, engineering, testing, analysis, manufacture, marketing, distributing, specification, approval, and/or

Electronically Filed - St Louis County - January 17, 2020 - 09:47 AM

selling of the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual as described herein was willful, wanton, malicious, and reckless, and showed a complete indifference to or conscious disregard for the safety of Brandon and others similarly situated.

77.    Daimler and MBUSA had available technically and economically feasible alternative designs that would have prevented Brandon's personal injuries.

78.    Upon information and belief, Daimler and MBUSA knew the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual did not provide reasonable safety during foreseeable misuse, and Daimler and MBUSA knew of prior similar events in which the ability of the tensioning tool, including clamping plates 163589006300, clamping plates 169589026300, the tensioning device 203589013100, and the manual for tensioning device 203589013100, and the Service Manual to be misused caused or contributed to cause personal injuries to persons similarly situated to Brandon.

79.    Based on their willful, wanton, malicious, and reckless conduct, punitive damages are appropriate to punish Daimler and MBUSA and to deter them and others from like conduct.

### COUNT VI – NEGLIGENCE (STILES)

80.    Brandon incorporates by reference the allegations in the preceding and succeeding paragraphs of this Petition as if they were completely set forth herein.

81.    Stiles had a legal duty to exercise ordinary, reasonable care to not engage in conduct creating an unreasonable risk of risk of injury to Brandon.

Electronically Filed - St Louis County - January 17, 2020 - 09:47 AM

82.     Stiles breached that duty and engaged in conduct that created an unreasonable risk of injury to Brandon by turning the drive nut on the tensioning tool to further compress the coil spring while knowing that Brandon was working adjacent to the tensioning tool attempting to fit the nut that secures the upper spring retainer on the suspension strut.

83.     Plaza Motor Co. could not have reasonably anticipated that an employee (like Stiles) would have turned the drive nut on the tensioning tool to further compress the coil spring while knowing that another employee (Brandon) was adjacent to the tensioning tool attempting to fit the nut that secures the upper spring retainer on the suspension strut.

84.     Stiles' conduct as alleged herein was an affirmative negligent act that purposely and dangerously caused or increased the risk of injury to Brandon.

85.     Stiles increased the risk of injury to Brandon by engaging the tensioning tool to further compress the coil spring while knowing that Brandon was adjacent to the tensioning tool attempting to fit the nut that secures the upper spring retainer on the suspension strut.

86.     Stiles' conduct as alleged herein directly and proximately caused or contributed to cause the personal injuries sustained by Brandon.

87.     As a direct result of Stiles' conduct as alleged herein, Brandon suffered and continues to suffer significant pain, suffering, disability, and disfigurement, along with mental anguish and emotional distress.   Brandon has further incurred and will continue to incur medical expense as well as a loss of income and employment opportunities.

## COUNT VII – LOSS OF CONSORTIUM (STILES)

88.     Pam incorporates by reference the preceding and succeeding allegations of this Petition as if they were completely set forth herein.

89.     Pam was at all relevant times the wife of Brandon.

Electronically Filed - St Louis County - January 17, 2020 - 09:47 AM

90.     As a direct result of the negligence of Stiles as alleged herein, Pam has been deprived of Brandon's valuable service and support, as well as his comfort, society, companionship, consortium, advice, and counsel, all to her damage.

91.     Pam has been obligated to pay medical and pharmaceutical bills and other expenses as a result of Stiles' negligence.

### RELIEF DEMANDED

WHEREFORE, Plaintiffs pray for judgment against Daimler, MBUSA, and Stiles for a sum in excess of $25,000.00 in compensatory damages; for punitive damages against Daimler and MBUSA; for any and other damages and remedies provided by law; for the costs of this action; for prejudgment interest; for interest on the judgment; and for any and all further relief that this Court may deem just and appropriate.

### JURY DEMAND

Plaintiffs demand a jury trial on all issues triable to a jury.

Dated:  January 17, 2020                    Respectfully submitted,

**GERMAN MAY PC**

By:   */s/ David B. Helms*
          David B. Helms        MO #48941
          8000 Maryland Avenue, Suite 1060
          St. Louis, MO 63105
          (314) 474-1750
          (816) 471-2221 fax
          davidh@germanmay.com

          and

          Jason M. Hans         MO #46174
          1201 Walnut Street, 20th Floor

Electronically Filed - St Louis County - January 17, 2020 - 09:47 AM

Kansas City, MO 64106
Tele:    (816) 471-7700
Fax:     (816) 471-2221
jasonh@germanmay.com

**Attorneys for Plaintiffs**

### CERTIFICATE OF FILING

    I hereby certify that on this 17th day of January 2020, a copy of the foregoing was electronically filed using Missouri's *Case.net* e-filing system.

/s/ David B. Helms
David B. Helms

**In the**
# CIRCUIT COURT
**Of St. Louis County, Missouri**

For File Stamp Only

  Brandon Kyle Mallette & Pam Botorff Mallette
Plaintiff/Petitioner

  January 17, 2020
Date

  20SL-CC00053
Case Number

vs.

  6
Division

  Mercedes-Benz USA, LLC, Daimler AG and Brian Stiles
Defendant/Respondent

Electronically Filed - St Louis County - January 17, 2020 - 09:47 AM

## REQUEST FOR APPOINTMENT OF PROCESS SERVER

Comes now   Plaintiff                                                                                          , pursuant
                                Requesting Party
to Local Rule 28, and at his/her/its own risk requests the appointment of the Circuit Clerk of

| | | |
|---|---|---|
|  Legal Language Services; Thomas McLean | 8014 State Line Rd.; Ste. 110; Leawood, KS  66208 | 913-341-3167 |
| Name of Process Server | Address | Telephone |
| | | |
| Name of Process Server | Address or in the Alternative | Telephone |
| | | |
| Name of Process Server | Address or in the Alternative | Telephone |

Natural person(s) of lawful age to serve the summons and petition in this cause on the below
named parties.  This appointment as special process server does not include the authorization
to carry a concealed weapon in the performance thereof.

SERVE:                                                                        SERVE:
  Daimler AG
Name                                                                          Name
  Mercedesstraße 120
Address                                                                       Address
  70372 Stuttgart      GERMANY
City/State/Zip                                                                City/State/Zip

SERVE:                                                                        SERVE:

Name                                                                          Name

Address                                                                       Address

City/State/Zip                                                                City/State/Zip

Appointed as requested:

**JOAN M. GILMER,** Circuit Clerk                          /s/:  David B. Helms
                                                                               Signature of Attorney/Plaintiff/Petitioner
                                                                                48941
                                                                               Bar No.
By _____                                     8000 Maryland Ave.; Ste 1060, Clayton MO
     Deputy Clerk                                                             Address
                                                                                (314) 474-1750              (816) 471-2221
                                                                               Phone No.                          Fax No.
Date

CCADM62-WS    Rev. 08/16

Electronically Filed - St Louis County - January 17, 2020 - 09:47 AM

Local Rule 28.  SPECIAL PROCESS SERVERS

(1)    Any Judge may appoint a Special Process Server in writing in accordance with the law and at the risk and expense of the requesting party except no special process server shall be appointed to serve a garnishment [except as allowed by Missouri Supreme Court Rule 90.03(a)].

This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

(2)    The Circuit Clerk may appoint a natural person other than the Sheriff to serve process in any cause in accordance with this subsection;

(A)    Appointments may list more than one server as alternates.

(B)    The appointment of a person other than the Sheriff to serve process shall be made at the risk and expense of the requesting party.

(C)    Any person of lawful age, other than the Sheriff, appointed to serve process shall be a natural person and not a corporation or other business association.

(D)    No person, other than the Sheriff, shall be appointed to serve any order, writ or other process which requires any levy, seizure, sequestration, garnishment, [except as allowed by Missouri Supreme Court Rule 90.03(a)], or other taking.

(E)    Requests for appointment of a person other than the Sheriff to serve process shall be made on a "Request for Appointment of Process Server" electronic form, which may be found on the Court's Web Site, http://www.stlouisco.com.  (LawandPublicSafety/Circuit/Forms).

(F)    This appointment as Special Process Server does not include the authorization to carry a concealed weapon in the performance thereof.

SERVICE RETURN

Any service by the St. Louis County Sheriff's Office shall be scanned into the courts case management system.  Any service by another Sheriff or a Special Process Server or any other person authorized to serve process shall return to the attorney or party who sought service and the attorney shall file the return electronically to the Circuit Clerk.

Electronically Filed - St Louis County - January 29, 2020 - 09:44 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**                    **County of Saint Louis**                    Circuit Court

Case Number: 20SL-CC00053

Plaintiff/Petitioner:
**BRANDON K. MALLETTE, et al.**

vs.

Defendant/Respondent:
**MERCEDES-BENZ, USA, LLC., a Delaware limited liability company, et al.**

Received by HPS Process Service & Investigations to be served on **Brian Stiles, 11910 Olive Boulevard, Creve Couer, MO 63141.**

I, MARTIN HUECKEL, being duly sworn, depose and say that on the **27th day of January, 2020 at 10:32 am, I:**

INDIVIDUALLY SERVED the within named person with a true copy of this **Summons in Civil Case and Petition** at the address of **11910 Olive Boulevard, Creve Couer, MO 63141.**

I am over the age of eighteen, and have no interest in the above action.

_____

**MARTIN HUECKEL**
Process Server

**HPS Process Service & Investigations**
**www.hpsprocess.com**
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Subscribed and Sworn to before me on the ___27___
day of ___January   2020___ by the affiant who
is personally known to me.

_____
NOTARY PUBLIC

SHELBY ROBERTS
My Commission Expires
January 28, 2023
St. Louis County
Commission #19503579

Our Job Serial Number: HAT-2020001166
Ref: Mailette-1599.000

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

Electronically Filed - St Louis County - January 29, 2020 - 09:44 AM



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOHN N. BORBONUS III | Case Number: 20SL-CC00053 |
|---|---|
| Plaintiff/Petitioner:<br>BRANDON K. MALLETTE | Plaintiff's/Petitioner's Attorney/Address<br>DAVID BRADLEY HELMS<br>German May P.C<br>8000 Maryland Ave.<br>SUITE 1060 |
| vs. | CLAYTON, MO 63105 |
| Defendant/Respondent:<br>MERCEDES-BENZ USA, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to: BRIAN STILES
        Alias:

PLAZA MOTOR CO.
11910 OLIVE BLVD.
CREVE COEUR, MO 63141



COURT SEAL OF

ST. LOUIS COUNTY

    You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

    SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

14-JAN-2020
Date

_____
Clerk

Further Information:
LG

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☑ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other

Served at _11910 Olive Blvd, Creve Coeur, MO 63141_ (address)

in _St Louis_ (County/City of St. Louis), MO, on _1/27/2020_ (date) at _1052am_ (time).

_Martin Newold_      _Martin Newold_
Printed Name of Sheriff or Server      Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

(Seal)    Subscribed and sworn to before me on _11/27/2020_ (date).

My commission expires: _1/28/23_ _____
           Date         Notary Public

NOTARY PUBLIC
NOTARY
SEAL
STATE OF MISSOURI

SHELBY ROBERTS
My Commission Expires
January 28, 2023
St Louis County
Commission #19503579

Electronically Filed - St Louis County - January 29, 2020 - 09:44 AM

## AFFIDAVIT OF SERVICE

State of Missouri                County of Saint Louis                Circuit Court

Case Number: 20SL-CC00053

Plaintiff/Petitioner:
**BRANDON K. MALLETTE, et al.**

vs.

Defendant/Respondent:
**MERCEDES-BENZ, USA, LLC., a Delaware limited liability company, et al.**

Received by HPS Process Service & Investigations to be served on **Brian Stiles, 11910 Olive Boulevard, Creve Couer, MO 63141.**

I, MARTIN HUECKEL, being duly sworn, depose and say that on the **27th day of January, 2020 at 10:32 am, I:**

INDIVIDUALLY SERVED the within named person with a true copy of this **Summons in Civil Case and Petition** at the address of **11910 Olive Boulevard, Creve Couer, MO 63141.**

I am over the age of eighteen, and have no interest in the above action.

Subscribed and Sworn to before me on the ___27___
day of ___January 2020___ by the affiant who
is personally known to me.

_____
NOTARY PUBLIC

SHELBY ROBERTS
My Commission Expires
January 28, 2023
St. Louis County
Commission #19503579

_____
**MARTIN HUECKEL**
Process Server

**HPS Process Service & Investigations**
www.hpsprocess.com
1669 Jefferson
Kansas City, MO 64108
(800) 796-9559

Our Job Serial Number: HAT-2020001166
Ref: Mallette-1599.000

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

Electronically Filed - St Louis County - January 29, 2020 - 09:44 AM



IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOHN N. BORBONUS III | Case Number: 20SL-CC00053 |
|---|---|
| Plaintiff/Petitioner:<br>BRANDON K. MALLETTE | Plaintiff's/Petitioner's Attorney/Address<br>DAVID BRADLEY HELMS<br>German May P.C<br>8000 Maryland Ave.<br>SUITE 1060<br>CLAYTON, MO 63105 |
| vs. | |
| Defendant/Respondent:<br>MERCEDES-BENZ USA, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | (Date File Stamp) |

## Summons in Civil Case

The State of Missouri to:  BRIAN STILES
               Alias:

PLAZA MOTOR CO.
11910 OLIVE BLVD.
CREVE COEUR, MO 63141



COURT SEAL OF

ST. LOUIS COUNTY

You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.

SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

14-JAN-2020
Date

_____
Clerk

Further Information:
LG

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☑ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☐ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☐ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_____ (name) _____ (title).

☐ other _____

Served at  _11910  Olive Blvd., Creve Coeur, MO  63141_ (address)

in  _St Louis_ (County/City of St. Louis), MO, on _1/27/2020_ (date) at _1052am_ (time).

_Martin Nowak_                                                  _Martin Nowak_
Printed Name of Sheriff or Server                     Signature of Sheriff or Server

**Must be sworn before a notary public if not served by an authorized officer:**

(Seal)       Subscribed and sworn to before me on _11/27/2020_ (date).

My commission expires:  _1/28/23_                        _Shelby Roberts_
              Date                                                Notary Public

NOTARY PUBLIC
NOTARY
SEAL
STATE OF MISSOURI

SHELBY ROBERTS
My Commission Expires
January 28, 2023
St. Louis County
Commission #19503579

OSCA (7-99) SM30  (SMCC) *For Court Use Only:* Document ID# 20-SMCC-437    1    (Civil Procedure Form No. 1, Rules 54.01 – 54.05,
                                   54.13, and 54.20; 506.120 – 506.140, and 506.150 RSMo

Electronically Filed - St Louis County - January 29, 2020 - 09:44 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**                **County of Saint Louis**                **Circuit Court**

Case Number: 20SL-CC00053

Plaintiff/Petitioner:
**BRANDON K. MALLETTE, et al.**

vs.

Defendant/Respondent:
**MERCEDES-BENZ, USA, LLC., a Delaware limited liability company, et al.**

Received by HPS Process Service & Investigations to be served on **Mercedes-Benz, USA, LLC, c/o CT Corporation System, 120 South Central Avenue, Clayton, MO 63105.**

I, MARTIN HUECKEL, being duly sworn, depose and say that on the **24th day of January, 2020 at 2:45 pm, I:**

Served the within named establishment by delivering a true copy of **Summons in Civil Case and Petition** to **Amanda Brandon, POS Intake Specialist** at the address of **120 South Central Avenue, Clayton, MO 63105.**

I am over the age of eighteen, and have no interest in the above action.

Subscribed and Sworn to before me on the _____
day of _____ _____ by the affiant who
is personally known to me.

_____
NOTARY PUBLIC

SHELBY ROBERTS
My Commission Expires
January 28, 2023
St. Louis County
Commission #19503579

_____
**MARTIN HUECKEL**
Process Server

**HPS Process Service & Investigations**
www.hpsprocess.com
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: HAT-2020001165
Ref: Mallette-1599.000

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

Electronically Filed - St Louis County - January 29, 2020 - 09:44 AM



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOHN N. BORBONUS III | Case Number:  20SL-CC00053 |
|---|---|
| Plaintiff/Petitioner:<br>BRANDON K. MALLETTE | Plaintiff's/Petitioner's Attorney/Address<br>DAVID BRADLEY HELMS<br>German May P.C.<br>8000 Maryland Ave.<br>SUITE 1060<br>CLAYTON, MO  63105 |
| vs. | |
| Defendant/Respondent:<br>MERCEDES-BENZ USA, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to:  MERCEDES-BENZ USA, LLC
Alias:

120 SOUTH CENTRAL AVE.
REG AGT CT CORPORATION SYSTEM
CLAYTON, MO  63105

*COURT SEAL OF*



*ST. LOUIS COUNTY*

    You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
    SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

<u>14-JAN-2020</u>
Date

*Clerk*

Further Information:
LG

### Sheriff's or Server's Return

Note to serving officer:  Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by:  (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☒ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to

_Amanda Brandon_ (name) _POS INTAKE SPEC_ (title).

☐ other _____

Served at _120 S Central Ave, Clayton MO  63105_ (address)

in _ST Louis_ (County/City of St. Louis), MO, on _1/24/2020_ (date) at _2:45 pm_ (time).

_Martin Hueschen_
Printed Name of Sheriff or Server

_Martin Hueschen_
Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _1/27/2020_ (date).

*(Seal)*

My commission expires:  _1/28/23_
Date

_____
Notary Public

SHELBY ROBERTS
My Commission Expires
January 28, 2023
St. Louis County
Commission #19503579

Electronically Filed - St Louis County - January 29, 2020 - 09:44 AM

## AFFIDAVIT OF SERVICE

**State of Missouri**               **County of Saint Louis**                    **Circuit Court**

Case Number: 20SL-CC00053

Plaintiff/Petitioner:
**BRANDON K. MALLETTE, et al.**

vs.

Defendant/Respondent:
**MERCEDES-BENZ, USA, LLC., a Delaware limited liability company, et al.**

Received by HPS Process Service & Investigations to be served on **Mercedes-Benz, USA, LLC, c/o CT Corporation System, 120 South Central Avenue, Clayton, MO 63105.**

I, MARTIN HUECKEL, being duly sworn, depose and say that on the **24th day of January, 2020 at 2:45 pm, I:**

Served the within named establishment by delivering a true copy of **Summons in Civil Case and Petition** to **Amanda Brandon, POS Intake Specialist** at the address of **120 South Central Avenue, Clayton, MO 63105.**

I am over the age of eighteen, and have no interest in the above action.

_____
**MARTIN HUECKEL**
Process Server

Subscribed and Sworn to before me on the _____
day of _____ by the affiant who
is personally known to me.

_____
NOTARY PUBLIC

SHELBY ROBERTS
My Commission Expires
January 28, 2023
St. Louis County
Commission #19503579

**HPS Process Service & Investigations**
www.hpsprocess.com
**1669 Jefferson**
**Kansas City, MO 64108**
**(800) 796-9559**

Our Job Serial Number: HAT-2020001165
Ref: Mallette-1599.000

Copyright © 1992-2020 Database Services, Inc. - Process Server's Toolbox V8.1c

Electronically Filed - St Louis County - January 29, 2020 - 09:44 AM



## IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| Judge or Division:<br>JOHN N. BORBONUS III | Case Number: 20SL-CC00053 |
|---|---|
| Plaintiff/Petitioner:<br>BRANDON K. MALLETTE | Plaintiff's/Petitioner's Attorney/Address<br>DAVID BRADLEY HELMS<br>German May P.C.<br>8000 Maryland Ave.<br>SUITE 1060<br>CLAYTON, MO 63105 |
| vs. | |
| Defendant/Respondent:<br>MERCEDES-BENZ USA, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING<br>105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO 63105 |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | (Date File Stamp) |

### Summons in Civil Case

The State of Missouri to: MERCEDES-BENZ USA, LLC
　　　　　　　　　　　　　　Alias:

120 SOUTH CENTRAL AVE.
REG AGT CT CORPORATION SYSTEM
CLAYTON, MO 63105



*COURT SEAL OF*

*ST. LOUIS COUNTY*

　　　　You are summoned to appear before this court and to file your pleading to the petition, a copy of which is attached, and to serve a copy of your pleading upon the attorney for Plaintiff/Petitioner at the above address all within 30 days after receiving this summons, exclusive of the day of service. If you fail to file your pleading, judgment by default may be taken against you for the relief demanded in the petition.
　　　　SPECIAL NEEDS: If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.

14-JAN-2020
Date

_____
Clerk

Further Information:
LG

### Sheriff's or Server's Return

Note to serving officer: Summons should be returned to the court within thirty days after the date of issue.

I certify that I have served the above summons by: (check one)

☐ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.

☒ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with _____ a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

☒ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
_Amanda Branden_ (name) _POS INTAKE SPEC_ (title).

☐ other _____

Served at _120 S Central Ave, Clayton MO  63105_ (address)

in _St Louis_ (County/City of St. Louis), MO, on _1/24/2020_ (date) at _2:45pm_ (time).

_Martin Hirschel_　　　　　　　　　　　_Martin Hirschel_
Printed Name of Sheriff or Server　　　　Signature of Sheriff or Server

Must be sworn before a notary public if not served by an authorized officer:

Subscribed and sworn to before me on _1/27/2020_ (date).

(Seal)

My commission expires: _1/28/23_　　　_Shelby Roberts_
　　　　　　　　　　　　Date　　　　　　Notary Public



SHELBY ROBERTS
My Commission Expires
January 28, 2023
St. Louis County
Commission #19503579



# IN THE 21ST JUDICIAL CIRCUIT COURT, ST. LOUIS COUNTY, MISSOURI

| | |
|---|---|
| Judge or Division:<br>JOHN N. BORBONUS III | **Case Number:  20SL-CC00053** |
| Plaintiff/Petitioner:<br>BRANDON K. MALLETTE | Plaintiff's/Petitioner's Attorney/Address:<br>DAVID BRADLEY HELMS<br>German May P.C.<br>8000 Maryland Ave.<br>SUITE 1060<br>CLAYTON, MO  63105 |
| vs. | |
| Defendant/Respondent:<br>MERCEDES-BENZ USA, LLC | Court Address:<br>ST LOUIS COUNTY COURT BUILDING |
| Nature of Suit:<br>CC Pers Injury-Prod Liab | 105 SOUTH CENTRAL AVENUE<br>CLAYTON, MO  63105 |
| | (Date File Stamp) |

## Summons for Personal Service Outside the State of Missouri
### (Except Attachment Action)

The State of Missouri to:  DAIMLER AG
                  Alias:

MERCEDESSTRABE 120
STUTTGART GERAMANY,  70372

*COURT SEAL OF*

*ST. LOUIS COUNTY*

        **You are summoned to appear before this court and to file your pleading to the petition, copy of which is attached, and to serve a copy of your pleading upon the attorney for the Plaintiff/Petitioner at the above address all within 30 days after service of this summons upon you, exclusive of the day of service.  If you fail to file your pleading, judgment by default will be taken against you for the relief demanded in this action.**
        **SPECIAL NEEDS:  If you have special needs addressed by the Americans With Disabilities Act, please notify the Office of the Circuit Clerk at 314-615-8029, FAX 314-615-8739, email at SLCADA@courts.mo.gov, or through Relay Missouri by dialing 711 or 800-735-2966, at least three business days in advance of the court proceeding.**

    **03-FEB-2020**
       **Date**
       **Further Information:**
       **GB**

                                         **Clerk**

### Officer's or Server's Affidavit of Service

I certify that:
1.  I am authorized to serve process in civil actions within the state or territory where the above summons was served.
2.  My official title is _____ of _____ County, _____ (state).
3.  I have served the above summons by:  (check one)
      □ delivering a copy of the summons and a copy of the petition to the Defendant/Respondent.
□ leaving a copy of the summons and a copy of the petition at the dwelling place or usual abode of the Defendant/Respondent with
  _____, a person of the Defendant's/Respondent's family over the age of 15 years who permanently resides with the Defendant/Respondent.

      □ (for service on a corporation) delivering a copy of the summons and a copy of the petition to
  _____ (name) _____ (title).
      □ other (describe) _____.
Served at _____ (address)
in _____ County, _____ (state), on _____ (date) at _____ (time).

_____        _____
  Printed Name of Sheriff or Server           Signature of Sheriff or Server
        **Subscribed and Sworn To** me before this _____ (day) _____ (month) _____ (year)
        I am: (check one)  □ the clerk of the court of which affiant is an officer.
                 □ the judge of the court of which affiant is an officer.
                 □ authorized to administer oaths in the state in which the affiant served the above summons.
    *(Seal)*               (use for out-of-state officer)
                 □ authorized to administer oaths.  (use for court-appointed server)

                                         Signature and Title

| Service Fees, if applicable | |
|---|---|
| Summons | $_____ |
| Non Est | $_____ |
| Mileage | $_____ (_____miles @ $ _____ per mile) |
| **Total** | $_____ |

See the following page for directions to clerk and to officer making return on service of summons.

## Directions to Officer Making Return on Service of Summons

A copy of the summons and a copy of the motion and/or petition must be served on each Defendant/Respondent.  If any Defendant/Respondent refuses to receive the copy of the summons and motion and/or petition when offered to him, the return shall be prepared to show the offer of the officer to deliver the summons and motion and/or petition and the Defendant's/Respondent's refusal to receive the same.

Service shall be made:  (1) On Individual.  On an individual, including an infant or incompetent person not having a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the individual personally or by leaving a copy of the summons and motion and/or petition at the individual's dwelling house or usual place of abode with some person of the family over 15 years of age, or by delivering a copy of the summons and motion and/or petition to an agent authorized by appointment or required by law to receive service of process;  (2) On Guardian.  On an infant or incompetent person who has a legally appointed guardian, by delivering a copy of the summons and motion and/or petition to the guardian personally;  (3)  On Corporation, Partnership or Other Unincorporated Association.  On a corporation, partnership or unincorporated association, by delivering a copy of the summons and motion and/or petition to an officer, partner, or managing or general agent, or by leaving the copies at any business office of the Defendant/Respondent with the person having charge thereof or by delivering copies to its registered agent or to any other agent authorized by appointment or required by law to receive service of process; (4) On Public or Quasi-Public Corporation or Body.  On a public, municipal, governmental or quasi-public corporation or body in the case of a county, to the mayor or city clerk or city attorney in the case of a city, to the chief executive officer in the case of any public, municipal, governmental, or quasi-public corporation or body or to any person otherwise lawfully so designated.

Service may be made by an officer or deputy authorized by law to serve process in civil actions within the state or territory where such service is made.

Service may be made in any state or territory in the United States.  If served in a territory, substitute the word "territory" for the word "state."

The officer making the service must swear an affidavit before the clerk, deputy clerk, or judge of the court of which the person is an officer or other person authorized to administer oaths.  This affidavit must state the time, place, and manner of service, the official character of the affiant, and the affiant's authority to serve process in civil actions within the state or territory where service is made.

Service must not be made less than ten days nor more than sixty days from the date the Defendant/Respondent is to appear in court.  The return should be made promptly, and in any event so that it will reach the Missouri Court within 30 days after service.

## THE CIRCUIT COURT OF ST.  LOUIS COUNTY, MISSOURI

Twenty First Judicial Circuit

## NOTICE OF ALTERNATIVE DISPUTE RESOLUTION SERVICES

**Purpose of Notice**

As a party to a lawsuit in this court, you have the right to have a judge or jury decide your case. However, most lawsuits are settled by the parties before a trial takes place.  This is often true even when the parties initially believe that settlement is not possible.   A settlement reduces the expense and inconvenience of litigation.  It also eliminates any uncertainty about the results of a trial.

Alternative dispute resolution services and procedures are available that may help the parties settle their lawsuit faster and at less cost.  Often such services are most effective in reducing costs if used early in the course of a lawsuit.  Your attorney can aid you in deciding whether and when such services would be helpful in your case.

**Your Rights and Obligations in Court Are Not Affected By This Notice**

You may decide to use an alternative dispute resolution procedure if the other parties to your case agree to do so.  In some circumstances, a judge of this court may refer your case to an alternative dispute resolution procedure described below.   These procedures are not a substitute for the services of a lawyer and consultation with a lawyer is recommended.   Because you are a party to a lawsuit, you have obligations and deadlines which must be followed whether you use an alternative dispute resolution procedure or not.  **IF YOU HAVE BEEN SERVED WITH A PETITION, YOU MUST FILE A RESPONSE ON TIME TO AVOID THE RISK OF DEFAULT JUDGMENT, WHETHER OR NOT YOU CHOOSE TO PURSUE AN ALTERNATIVE DISPUTE RESOLUTION PROCEDURE.**

**Alternative Dispute Resolution Procedures**

There are several procedures designed to help parties settle lawsuits.  Most of these procedures involve the services of a neutral third party, often referred to as the "neutral," who is trained in dispute resolution and is not partial to any party.  The services are provided by individuals and organizations who may charge a fee for this help.  Some of the recognized alternative dispute resolutions procedures are:

**(1) Advisory Arbitration:** A procedure in which a neutral person or persons (typically one person or a panel of three persons) hears both sides and decides the case.  The arbitrator's decision is not binding and simply serves to guide the parties in trying to settle their lawsuit.  An arbitration is typically less formal than a trial, is usually shorter, and may be conducted in a private setting at a time mutually agreeable to the parties.  The parties, by agreement, may select the arbitrator(s) and determine the rules under which the arbitration will be conducted.

**(2) Mediation:** A process in which a neutral third party facilitates communication between the parties to promote settlement.  An effective mediator may offer solutions that have not been considered by the parties or their lawyers.  A mediator may not impose his or her own judgment on the issues for that of the parties.

CCADM73

**(3) Early Neutral Evaluation ("ENE"):** A process designed to bring the parties to the litigation and their counsel together in the early pretrial period to present case summaries before and receive a non-binding assessment from an experienced neutral evaluator.  The objective is to promote early and meaningful communication concerning disputes, enabling parties to plan their cases effectively and assess realistically the relative strengths and weaknesses of their positions.  While this confidential environment provides an opportunity to negotiate a resolution, immediate settlement is not the primary purpose of this process.

**(4) Mini-Trial:** A process in which each party and their counsel present their case before a selected representative for each party and a neutral third party, to define the issues and develop a basis for realistic settlement negotiations.  The neutral third party may issue an advisory opinion regarding the merits of the case.  The advisory opinion is not binding.

**(5) Summary Jury Trial:** A summary jury trial is a non binding, informal settlement process in which jurors hear abbreviated case presentations.  A judge or neutral presides over the hearing, but there are no witnesses and the rules of evidence are relaxed.  After the "trial", the jurors retire to deliberate and then deliver an advisory verdict.  The verdict then becomes the starting point for settlement negotiations among the parties.

## Selecting an Alternative Dispute Resolution Procedure and a Neutral

If the parties agree to use an alternative dispute resolution procedure, they must decide what type of procedure to use and the identity of the neutral.  As a public service, the St. Louis County Circuit Clerk maintains a list of persons who are available to serve as neutrals.  The list contains the names of individuals who have met qualifications established by the Missouri Supreme Court and have asked to be on the list.  The Circuit Clerk also has Neutral Qualifications Forms on file.  These forms have been submitted by the neutrals on the list and provide information on their background and expertise.  They also indicate the types of alternative dispute resolution services each neutral provides.

A copy of the list may be obtained by request in person and in writing to: Circuit Clerk, Office of Dispute Resolution Services, 7900 Carondelet Avenue, 5th Floor, Clayton, Missouri 63105.  The Neutral Qualifications Forms will also be made available for inspection upon request to the Circuit Clerk.

The List and Neutral Qualification Forms are provided only as a convenience to the parties in selecting a neutral.  The court cannot advise you on legal matters and can only provide you with the List and Forms. You should ask your lawyer for further information.

CCADM73