## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

|  |  |  |
|---|---|---|
| BRANDON KYLE MALLETTE and | ) | |
| PAM BOTTORFF MALLETTE, | ) | |
|  | ) | |
| Plaintiffs, | ) | |
|  | ) | |
| v. | ) | No. 4:20-CV-00294 JAR |
|  | ) | |
| MERCEDES-BENZ USA, LLC, et al., | ) | |
|  | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Plaintiff's Motion to Remand. (Doc. No. 22). The motion is fully briefed and ready for disposition.

**Background**

Plaintiffs filed this personal injury action against Defendants Mercedes-Benz USA ("MBUSA"), Daimler AG ("Daimler"), and Brian Stiles ("Stiles") in the Circuit Court of St. Louis County, Missouri on December 23, 2019. See Brandon Kyle Mallette and Pam Bottorff Mallette v. Mercedes-Benz USA, et al., No. 20SL-CC00053 (21st Jud. Cir.). Plaintiffs allege that on March 4, 2016, Plaintiff Brandon Mallette, an automotive technician, sustained injuries while performing vehicle service work at his job at Plaza Motor Co., when Stiles, his supervisor and co-employee, turned the drive nut on a tensioning tool to compress a coil spring with Plaintiff nearby, which resulted in the coil spring unexpectedly discharging from the tensioning tool and striking him in the face. (Amended Petition ("AP"), Doc. No. 11 at ¶¶ 18-24).

Plaintiffs allege claims of strict liability (Count I), breach of implied warranty of merchantability (Count II), negligence (Count III), and loss of consortium (Count IV) against

MBUSA and Daimler, and seek punitive damages from MBUSA and Daimler (Count V). Plaintiffs allege claims of negligence (Count VI) and loss of consortium (Count VII) against Stiles.

MBUSA removed the action to this Court on February 21, 2020 on the basis of diversity jurisdiction among properly joined parties[1] (Doc. No. 1) and moved to dismiss Plaintiff's claim for breach of implied warranty (Count II) for failure to state a claim (Doc. No. 5). Likewise, Stiles filed a motion to dismiss Plaintiffs' claims against him. (Doc. No. 15). On March 2, 2020, with the consent of Defendants, the Court granted Plaintiffs an extension of time to file their oppositions to Defendants' motions to dismiss until after it ruled on Plaintiffs' forthcoming motion to remand. (Doc. Nos. 19, 21). Plaintiffs filed their motion to remand on March 23, 2020. MBUSA opposes the motion, arguing that Stiles, the Missouri defendant named by Plaintiffs, has been fraudulently joined to defeat diversity.

**Legal standard**

Removal will not be defeated by collusive or fraudulent joinder of a resident defendant. See Anderson v. Home Ins. Co., 724 F.2d 82, 84 (8th Cir. 1983). When a party seeking removal alleges fraudulent joinder, the removing party bears the bears the burden of proving the alleged fraud. Wilson v. Republic Iron & Steel Co., 257 U.S. 92, 97 (1921). The Eighth Circuit describes the fraudulent joinder standard as one of reason. Filla v. Norfolk S. Ry. Co., 336 F.3d 806, 810 (8th Cir. 2003) ("A proper review should give paramount consideration to the reasonableness of the basis underlying the state claim."). Therefore, if it is clear under governing state law that the complaint does not state a cause of action against the nondiverse defendant, then the joinder is

---

[1] Plaintiffs are citizens of the State of Missouri (AP at ¶¶ 2-3); MBUSA is a Delaware limited liability company with its principal place of business in the state of Georgia (id. at ¶ 4); and Daimler is a German company with its principal place of business in Germany (id. at ¶ 5). The Court notes there is no proof of service or entry of appearance on behalf of Daimler.

fraudulent and federal jurisdiction of the case should be retained. Iowa Public Service Co. v. Medicine Bow Coal Co., 556 F.2d 400, 406 n. 6 (8th Cir. 1977). "However, if there is a 'colorable' cause of action – that is, if the state law *might* impose liability on the resident defendant under the facts alleged – then there is no fraudulent joinder." Filla, 336 F.3d at 810 (emphasis in the original).

The Eighth Circuit has further instructed that in ruling on the issue of fraudulent joinder, a district court does not have the power to decide the merits of a case. Id. "[T]he Court resolves all facts and ambiguities in the controlling substantive law in the plaintiffs' favor and has no responsibility to definitively settle the ambiguous question of state law." Id. at 811. See also Iowa Pub. Serv., 556 F.2d at 406 n. 6 ("[W]here the question of the sufficiency of the complaint against the nondiverse defendant is doubtful, it has been held that the better practice is for the federal court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.").

**Discussion**

In support of remand, Plaintiffs assert they have alleged facts that arguably provide "a reasonable basis for predicting that [Missouri law] might impose liability" upon Stiles, to-wit: (1) Stiles owed a duty of reasonable care to Mr. Mallette; (2) Stiles breached that duty by turning the drive nut on the tensioning tool to further compress the coil spring while knowing that Mr. Mallette was working next to the tensioning tool; (3) Plaza Motor Co. could not have reasonably anticipated that Stiles would turn the drive nut on the tensioning tool to further compress the coil spring while knowing that Mr. Mallette was working next to the tensioning tool; (4) Stiles' conduct was an affirmative negligent act that purposely and dangerously caused or increased the risk of injury to Mr. Mallette; (5) Stiles increased the risk of injury to Mr. Mallette by engaging

the tensioning tool to further compress the coil spring while knowing that Mr. Mallette was adjacent to the tensioning tool; and (6) as a direct and proximate result of Stiles' conduct, Mr. Mallette was injured. (AP at ¶¶ 81-87). MBUSA contends that Stiles is immune from suit under Missouri workers' compensation law, Mo. Rev. Stat. § 287.120(1) (2012).

Prior to August 28, 2012, immunity was not statutorily granted to employees for workplace negligence that resulted in injury or death to co-employees and instead was governed by common law principles of co-employee liability. Under common law, employees could only be liable for negligence to co-employees "for breaches of a duty owed independently of the master-servant relationship – that is, a duty separate and distinct from the employer's nondelegable duties." Sherman v. Cozzini, Inc., No. 18-06002-CV-SJ-GAF, 2018 WL 9943456, at *4 (W.D. Mo. Mar. 7, 2018) (quoting Peters v. Wady Indus., Inc., 489 S.W.3d 784, 796 (Mo. banc 2016)). See also Conner v. Ogletree, 542 S.W.3d 315, 324 (Mo. banc 2018). An employer's nondelegable duties are generally limited to those related to risks that are reasonably foreseeable, and include: (1) the duty to provide a safe workplace; (2) the duty to provide safe equipment for work; (3) the duty to warn employees about dangers they could not reasonably be expected to be aware of; (4) the duty to provide a sufficient number of competent fellow employees; and (5) the duty to promulgate and enforce rules governing employee conduct for the purpose of enhancing workplace safety. Peters, 489 S.W.3d at 795.

Effective August 28, 2012, section 287.120(1) provides broad immunity to co-employees, with one exception: immunity will not be given to a co-employee when the co-employee "engaged in an *affirmative negligent act* that *purposefully and dangerously* caused or increased the risk of injury" to another employee. A.T. v. Newark Corp., No. 4:16CV00448 SNLJ, 2017 WL 57251, at *3 (E.D. Mo. Jan. 5, 2017) (emphasis in the original). Recent cases from this

4

district explain that the statutory exception does not create a new or different cause of action in favor of the plaintiff; rather, it provides co-employees with immunity unless the injured employee can establish that the co-employee's conduct meets the exception. Hawkins v. St. Louis Rams, LLC, No. 4:18CV382 RLW, 2019 WL 367644, at *4–5 (E.D. Mo. Jan. 30, 2019) (citing A.T., 2017 WL 57251, at *3 and Halsey v. Townsend Corp. of Indiana, No. 1:17CV4 SNLJ, 2017 WL 2189459, at *2 (E.D. Mo. May 18, 2017)). Because the statute does not create an independent cause of action against a co-employee, courts must look to the common law to determine whether a cause of action has been alleged. A.T., 2017 WL 57251, at *2.

Thus, for alleged workplace negligence involving co-employee liability for injury occurring after August 28, 2012, § 287.120 essentially requires a two-part analysis: (1) has the "[co-]employee engaged in an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury" so that the co-employee is not entitled to immunity under § 287.120 (1); and if so, (2) has the injured employee "made allegations that otherwise establish a claim of common law negligence" – that the co-employee's actions were beyond the scope of the employer's non-delegable duty to provide a safe workplace (i.e., unforeseeable to the employer). A.T., 2017 WL 57251, at *3.

According to MBUSA, the joinder of Stiles is fraudulent for two reasons. First, Stiles did not engage in "an affirmative negligent act that purposefully and dangerously caused or increased the risk of injury" to Mr. Mallette. Second, Plaintiffs' allegations do not establish a common law claim of negligence against Stiles because assisting a co-worker is foreseeable and falls within the employer's nondelegable duty to provide a safe workplace.

Plaintiffs maintain they are not required to plead a common law negligence claim against Stiles under the 2012 version of § 287.120.1 and that they have otherwise satisfied the

5

requirements under § 287.120.1 to hold Stiles liable despite his status as a co-employee by alleging that he affirmatively engaged the tensioning tool while Mr. Mallette was working next to it with the coil spring in place, thereby causing or increasing the risk of injury to Mr. Mallette.

To date, there are only two Missouri appellate court opinions examining co-employee liability under the post-2012 version of Mo. Rev. Stat. § 287.120.1. See Brock v. Dunne, No. ED 105739, 2018 WL 4309412 (Mo. Ct. App. Sept. 11, 2018), *transfer granted* (Jan. 29, 2019) and Mems v. LeBruyere, No. ED 106319, 2019 WL 2182444 (Mo. Ct. App. May 21, 2019), *transfer granted* (Sept. 3, 2019). In both cases, the Missouri Court of Appeals held that the 2012 amendment did not abrogate the common law requirement that an employee's actions fall outside the scope of an employer's nondelegable duty to maintain a safe workplace and that to make a submissible co-employee liability case, an injured party must show that: (1) the co-employee owed the injured party a personal duty of care, separate and distinct from his employer's nondelegable duty to provide a safe workplace; and (2) the co-employee engaged in an affirmative act that purposefully and dangerously caused or increased the risk of injury. Brock, 2018 WL 4309412, at *5; Mems, 2019 WL 2182444, at *13-14 & n.7. Plaintiffs suggest that because the Missouri Supreme Court accepted transfer in both cases, the current controlling law on co-employee liability is unclear. As such, Plaintiffs assert that the better practice is for the Court not to decide the doubtful question in connection with a motion to remand but simply to remand the case and leave the question for the state courts to decide.

Alternatively, Plaintiffs argue that Stiles' conduct is actionable under the pre-2012 common law standard for co-employee liability because his negligence involved a "detail of the work," which is separate and distinct from the employer's non-delegable duty to provide a safe workplace and thus unforeseeable to the employer. As discussed below, the Court can resolve

6

this case without delving into the developing state case law on the effect of the 2012 amendment to § 287.120.1 on the common law for co-employee liability because in any event, Plaintiffs have stated a "colorable" claim against Stiles.

Missouri courts have held that co-employees may be liable at common law for injuries caused to fellow co-employees by negligent actions if the plaintiff-employee can show the defendant-employee violated a personal duty of care separate from the employer's duties to provide a safe workplace. Peters, 489 S.W.3d at 793-94; Parr v. Breeden, 489 S.W.3d 774, 783 (Mo. 2016); Fowler v. Phillips, 504 S.W.3d 107, 110 (Mo. Ct. App. 2016). In Peters, the Missouri Supreme Court examined the difference between a personal duty and the employer's non-delegable duties by discussing the holding in Marshall v. Kansas City, 296 S.W.2d 1 (Mo. banc 1956):

> In Marshall, the plaintiff was injured when his co-employee shook a compressor hose to remove the kinks and caused the plaintiff to trip. In holding that the plaintiff's injuries resulted from the co-employee's negligence and not the employer's breach of its nondelegable duty to provide a safe workplace, this Court reasoned:
>
> [The plaintiff's] injury came about by reason of [the co-employee's] negligent use of the hose and not because it was defective. Likewise the place of work was not unsafe and the hazard was not brought about by the manner in which the work was being done; the danger came about by reason of the manner in which [the co-employee] handled the hose.... [The co-employee's] suddenly and unexpectedly jerking the hose and tripping [the plaintiff] was not, of course, the exercise of due care on his part but it does not support the inference or demonstrate negligence on the part of the [employer] with respect to either the tools furnished, place of work or the manner in which the work was being done.
>
> Marshall, therefore, demonstrates that when an employee's injuries result from the tools furnished, the place of work, or the manner in which the work was being done, the injuries are attributable to a breach of the employer's nondelegable duty to provide a safe workplace. *When, however, the employee's injuries result from a co-employee's negligence in carrying out the details of the work, the injuries are attributable to the co-employee's breach of a duty separate and distinct from the employer's nondelegable duty to provide a safe workplace.*

7

<u>Peters</u>, 489 S.W.3d at 796 (alterations in original) (emphasis added) (internal citation omitted). <u>See also</u> <u>Fowler v. Phillips</u>, 504 S.W.3d 107, 110-11 (Mo. Ct. App. 2016) ("[I]f the injury arises from a co-employee's action that was not specifically directed by the employer and that was not the result of the malfunction of the employer-provided tool or workplace, then the co-employee is open to liability at the common law.").

Here, there is no allegation that Stiles was responsible for providing the tensioning tool, for the safety features on the tool, for training Mr. Mallette on the use of the tool, for enforcing workplace safety rules, or for any other non-delegable duty of Plaza Motor Co.[2] Instead, Plaintiffs allege that Stiles engaged the tool further – moving and compressing the coil spring – *while* Mr. Mallette was working on the strut assembly with the coil spring in the tool. (AP at ¶¶ 21-24). Plaintiffs further allege that Stiles' actions resulted in the coil spring unexpectedly and violently discharging from the tensioning tool, striking Mr. Mallette in the face and causing him serious personal injuries. (<u>Id.</u> at ¶¶ 22-23, 84-85). These allegations do not claim violations of Plaza Motors' non-delegable duties; rather, they charge Stiles with actions outside those non-delegable duties that violated his personal duty of care to Mr. Mallette. <u>See</u> <u>Peters</u>, 489 S.W.3d at 802; <u>Parr</u>, 489 S.W.3d at 783.

Like the negligent handling of the hose in <u>Marshall</u>, 296 S.W.2d 1, Mr. Mallette's injury came about by reason of Stiles' negligent use of the tensioning tool – not because it was defective. Likewise, the workplace was not unsafe, and the hazard was not brought about by the manner in which the service work was being done. The danger resulted when Stiles engaged the tensioning tool at the same time Mr. Mallette was looking down toward the coil spring and the

---

[2] The Court notes that Plaintiffs' allegations do not pertain to Stiles in his role as Mr. Mallette's supervisor. <u>See</u> <u>Peters</u>, 489 S.W.3d at 799 (while "the employer's nondelegable duty … does not include an employee's negligence in carrying out his or her work," allegations relating to a co-employee's "supervisory role" are within the employer's non-delegable duty).

tensioning tool with his hands on the nut and the shock absorber inside the coil spring. This was not the exercise of due care on Stiles' part. Accordingly, Plaintiffs have sufficiently stated a negligence claim against Stiles.

**Conclusion**

On a motion to remand, the Court's mandate is only to determine whether there is an arguable basis that state law might impose liability against the allegedly fraudulently joined defendant. See Filla, 336 F.3d at 811. In keeping with this limited mandate, the Court concludes that Plaintiffs have advanced sufficient allegations to find that Missouri law might impose liability against Stiles. As Stiles was not fraudulently joined, the parties are not diverse, and the Court lacks jurisdiction over the action. Plaintiffs' motion to remand will, therefore, be granted. Because the Court lacks subject matter jurisdiction over this action, Defendants' pending motions to dismiss will be denied without prejudice as moot.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiffs' Motion to Remand [22] is **GRANTED**.

**IT IS FURTHER ORDERED** that this matter is **REMANDED** to the Circuit Court of St. Louis County, Missouri under 28 U.S.C. § 1447(c).

**IT IS FURTHER ORDERED** that Defendants' motions to dismiss [5, 15] are **DENIED** without prejudice as moot.

Dated this 6th day of July, 2020.

_John A. Ross_
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**